# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

In the Matter of the Application of the CORPORATION OF YADDO, Respondent, for a Writ of Certiorari to Review the Assessment of Its Real Estate in the City of Saratoga Springs, New York. CITY OF SARATOGA SPRINGS, Appellant.

Third Department, March 12, 1926.

**Taxation — exemption — fact that certificate of incorporation of membership corporation does not state that its powers are limited exclusively to objects specified in Tax Law, § 4, subd. 7, as amd. by Laws of 1924, chap. 489, is not controlling on right to exemption — statute under which petitioner was incorporated, by-laws, and actual operation of corporation may be considered — petitioner is organized exclusively for purposes specified in Tax Law, § 4, subd. 7, as amd. by Laws of 1924, chap. 489 — "organized" means more than filing certificate of incorporation.**

A membership corporation is not to be denied exemption from taxation under subdivision 7 of section 4 of the Tax Law, as amended by chapter 489 of the Laws of 1924, on the ground that its certificate of incorporation does not limit its powers exclusively to the purposes specified in said subdivision and expressly prohibit it from exercising any other powers than those specified, for the by-laws, which in this case strictly limit the activities of the corporation to the powers specified in said subdivision, may be considered in determining whether or not the corporation is organized exclusively for the purposes specified, and furthermore, the corporation must not only be organized exclusively for the purposes specified, but the property must be used exclusively for said purposes, and, therefore, the court may consider the actual use of the property. The statute under which the corporation is incorporated may also be considered.

The word "organized" as used in said subdivision means more than filing a certificate of incorporation and includes the actual organization of the corporation which follows the filing of the certificate.

APPEAL by the City of Saratoga Springs from a judgment of the Supreme Court in favor of the petitioner, entered in the office of

the clerk of the county of Saratoga on the 23d day of December, 1925, upon the report of a referee appointed to hear and determine the whole issues.

The referee determined that the real property of the Corporation of Yaddo is exempt from taxation and directed that the assessment in question for the year 1926 be stricken from the roll and that such property be listed as exempt.

*Sheridan P. Wait,* for the appellant.

*Brackett & Eddy [Spencer B. Eddy* of counsel], for the respondent.

McCANN, J. The Corporation of Yaddo is a membership corporation. The certificate of incorporation provides that its purpose is "to maintain a residence and retreat for persons actually and usefully engaged in artistic and creative work." It contains no other language descriptive of its purpose. The petitioner seeks exemption from taxation under the provisions of section 4, subdivision 7, of the Tax Law (as amd. by Laws of 1924, chap. 489) which provides that "The real property of a corporation * * * organized exclusively for the moral or mental improvement of men or women, or for * * * benevolent, * * * educational, * * * literary, * * * purposes, * * * and used exclusively for carrying out thereupon one or more of such purposes, * * * shall be exempt from taxation."

The petitioner applied to the local assessment board for exemption from taxation of its real property in the city of Saratoga Springs. Such exemption was refused and a proceeding was instituted by certiorari; a referee was appointed and proof taken; the referee submitted his findings and rendered a decision exempting the petitioner's property from taxation except as to certain property known as the "stone quarry." The latter was a detached piece of property having no connection apparently with the main property of the corporation and no appeal has been taken from the decision with reference to refusing exemption thereon. Judgment was entered upon such decision adjudging the property exempt and directing the members of the city council of the city of Saratoga Springs or their successors in office to correct the assessment roll of said city by striking the property so exempted from such roll and adding the same to the list of exempt property as set forth specifically in the judgment.

The position taken by the city in this matter is that it does not appear from the certificate of incorporation or otherwise that the petitioner was organized *exclusively* for the specified purposes or any of them above mentioned, and that in order to comply strictly with the statute there should be in the article of incorporation an

express prohibition against any activity not permitted by the statute providing for the exemption. For illustration, subdivision 7 of section 4 of the Tax Law provides that the corporation in question shall not be entitled to exemption " if any officer, member or employee thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes." It is urged that this does not appear in the certificate of incorporation; that such certificate is entirely silent upon the subject and that the purposes of the corporation must be determined entirely from the language of the certificate and reference cannot be had for that purpose either to the language of the statute under which the corporation is incorporated or to by-laws subsequently adopted. To refer again to the illustration mentioned: It is said in appellant's brief that " to authorize any corporation to receive exemption from taxation, the restriction against *pecuniary* profit must have more force than a mere by-law or resolution. It must have the force of a law, and to have such force it must be embodied in the certificate of incorporation." It is sought to apply this argument in the use of the by-laws for that and all purposes in this proceeding. Appellant cites no authority to sustain its position with reference to the use of the by-laws; in fact, the law is contrary to that asserted. In *Kavanaugh* v. *Commonwealth Trust Co.* (223 N. Y. 103, 107), citing *Kent* v. *Quicksilver Mining Co.* (78 id. 159, 179), it is said: " When a by-law is adopted, it is as much the law of the corporation as if its provisions had been a part of the charter." See Fletcher's Cyclopedia of Corporations (Vol. 1, § 501) where it is also said: " They are in fact written into the charter and become a part of the fundamental law of the corporation, and the corporation, and its directors and officers are bound by and must comply with them."

In *Matter of De Peyster* (210 N. Y. 216, 219) it is said: " In order to determine the status of a corporation and to ascertain the purposes for which it was incorporated, recourse must be had to the act by which it was incorporated or to its charter and the statute under the authority of which it was framed." (See, also, *Matter of White*, 118 App. Div. 869.)

The certificate of incorporation specifically states that it is organized " pursuant to the provisions of the Membership Corporation[s] Law." Reference must, therefore, be had to such law.

While the language of the certificate is not as explanatory as it might be, the by-laws are very comprehensive. They define the purposes in detail and they supplement and become in effect a part of the original certificate and should be construed in connection

Third Department, March, 1926.                    [Vol. 216

with and in fact as a part thereof. Section 3 of the by-laws covers all the provisions which are incorporated in subdivision 7 of section 4 of the Tax Law as conditions precedent to an exemption. The section reads as follows:

" Section 3. No retreat maintained by this corporation shall be used for any purpose other than for the *moral and mental* improvement of men or women and no person shall be admitted to any such retreat unless he or she shall be actively or usefully engaged in some creative art and no such person shall be entitled to the privileges of such retreat unless, in the opinion of the executive committee, the enjoyment of those privileges shall tend to furnish assistance and inspiration in some creative art that is of benefit to humanity. The executive committee, in granting or refusing applications for admission to such retreat shall, in all cases, be governed by the desire of the founders that this corporation contribute to the advancement of mankind by assisting those who, by creative art, have contributed to the mental or moral improvement of humanity, rather than be an asylum for those who have mistakenly applied their talent."

. It cannot be claimed that by-laws can either extend or diminish the powers of a corporation as set forth in the certificate of incorporation. They may, however, explain such powers.

The by-law above quoted is not in conflict with the certificate. It limits the use of the property to purposes which are statutory.

The finding that the corporation is a benevolent corporation is also sustained by the various definitions of the word " benevolent " as quoted by the respondent.

Furthermore the exemption statute above quoted says: " The real property of a corporation * * * organized exclusively * * * and used exclusively," etc. Here are two distinct provisions. To determine the purpose for which such real property is used must necessarily require an investigation after the date of the certificate of incorporation and outside of the language of the law under which the corporation is organized. Actual use might not correspond with the declared use stated in the certificate. In such a case exemption would not be granted. But it is claimed that in determining the original purpose of the corporation, the purpose for which it is exclusively organized, we are restricted to the language of the certificate of incorporation and that the word " organized " contemplates no more than the filing of a certificate. This is not true. In determining the purposes we may look both to the statute and the by-laws.

" ' Organize ' or ' organization,' as used in reference to corporations, has a well understood meaning, which is the election of

officers, providing for the subscription and payment of the capital stock, the adoption of by-laws and such other steps as are necessary to endow the legal entity with the capacity to transact the legitimate business for which it was created." (6 Words & Phrases, 5053, citing *Walton* v. *Oliver*, 49 Kans. 107; 33 Am. St. Rep. 355; cited with approval in *Commonwealth of Pa.* v. *McGlinn Distilling Co.*, 265 Penn. St. 346, 350.)

" The term ' organized,' when used in reference to the organization of an incorporation, applies to the act of the officers in being appointed and taking upon themselves the burden of their offices. It is then furnished with organs endowed with capacity for the functions of life and qualified for the exercise of its appropriate functions. This is the sense in which the word ' organized ' is used in statutes providing for the incorporation of companies for various purposes." (6 Words & Phrases, 5054, citing *Commonwealth* v. *Mann Co.*, 150 Penn. St. 64.)

" While the existence of a corporation dates from the time of filing its charter, it cannot be regarded as a complete organization authorized to transact business when the subscription books of the corporation have not yet been opened and no stock has been subscribed; nor can it be until a full and complete organization has been effected in accordance with the requirements of the statute." (*Nemaha Coal & Mining Co.* v. *Settle & Keith*, 54 Kans. 424.)

Without organization and members, without officers and stockholders, a corporation is but a naked body. (1 Morawetz Corp. [2d ed.] § 33.)

A summary of the argument shows that the exemption in question can only be allowed after it is established that the petitioner was organized exclusively and the real property thereof is used exclusively for benevolent purposes, and the certificate, the law under which it is incorporated and the by-laws all unite in a determination of the intent of the incorporators. If their operations later do not accord therewith, or if the by-laws are changed so as not to comply with the original purposes then exemption will not follow. The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.