THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICKOLAS TRINCHILLO, Appellant.— Judgment of the County Court, Kings County, convicting appellant of the crime of murder in the second degree, unanimously affirmed. Appeals from sentence, and denial of motion to set aside conviction, dismissed. No opinion. Present — Lewis, P. J., Johnston, Adel, Nolan and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALUMNAE ASSOCIATION MOUNT SINAI HOSPITAL SCHOOL OF NURSING, Appellant, against ANTHONY J. RIZZARDI, as Assessor of the City of New Rochelle, et al., Respondents.— Appeal by relator from a resettled order quashing a writ of certiorari which requested exemption from taxation of real property situated in the City of New Rochelle under subdivision 6 of section 4 of the Tax Law, and dismissing the proceeding. Order reversed on the law and the facts, with $50 costs and disbursements, the writ sustained and the assessment cancelled. Relator became the owner of the real estate in question by devise to be used as a nonprofit vacation or rest home for nurses and other employees of the Mount Sinai Hospital and nurses of the New Rochelle Hospital. The property has been continuously so used since August 14, 1947. In order for real estate to be exempt from taxation, subdivision 4 of section 4 of the Tax Law requires that the corporate owner shall have been organized exclusively for one or more of the purposes specified in the statute and that the property for which exemption is claimed shall be used exclusively for such purpose or purposes. In the case at bar both of these requirements are met. The objects of the relator are " To raise the standard of the Mt. Sinai Training School for Nurses, to promote fellowship between its members for mutual sympathy and encouragement, and to care for the members when ill." The first object named is for a hospital or educational purpose; the second is for the mental improvement of men and women, the third is benevolent. The vacation or rest home is for the mental improvement of man and woman. (*Matter of Corporation of Yaddo,* 216 App. Div. 1; *People ex rel. Corporation of Yaddo* v. *Freeman,* 259 N. Y. 620.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

MARYL A. SOLOMON, Appellant, v. MORTIMER J. SOLOMON, Respondent.— Action for divorce. Order granting plaintiff's motion for a reargument of defendant's prior motion to vacate plaintiff's notice to take testimony of two witnesses without the State, pursuant to section 288 of the Civil Practice Act, and on reargument adhering to the decision granting vacatur of the notice, reversed on the law and the facts, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. Plaintiff's procedure was proper under sections 288 and 290 of the Civil Practice Act, and in accord with well-settled doctrine. (4 Carmody on New York Pleading and Practice, §§ 1265, 1250, 1253.) Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ., concur.