In the Matter of WILLIAM D. WEINSTEIN et al., Petitioners. PHILIP SOKOL et al., Respondents.

Supreme Court, Special Term, Queens County, February 2, 1953.

*Anthony M. Livoti* and *Archibald Palmer* for petitioners.

*Howard Henig* and *Leonard Weintraub* for respondents.

HALLINAN, J. This is a proceeding under section 25 of the General Corporation Law to set aside the election of directors held at the annual meetings on December 13, 1952, of six corporations, to-wit: Clearview Gardens First Corporation to Sixth Corporation, inclusive, and also to set aside the election or selection of officers of said corporations by said directors on or after December 13, 1952, and for other and incidental relief.

At a stockholders' meeting of four of said corporations held on October 25, 1952, all of the directors were removed by a resolution of the stockholders and successors were elected. That election was attacked by the petitioners but was sustained, and the petition dismissed. (*Weinstein* v. *Weisman,* N. Y. L. J., Dec. 22, 1952, p. 1566, col. 7.) In the course of its memorandum opinion, the court observed: " In any event, the stockholders having had an opportunity to fill the directorships at the recent annual meetings, the respective rights of the previous officers are largely academic; if the new election should be found to have been irregular, proper action will be taken to hold a new one ".

It is the " new election " held at the annual meetings of the six corporations above referred to that has now been challenged.

It appears that on November 25, 1952, notices of annual meetings were mailed to the respective stockholders of the Clearview Gardens First, Second and Third Corporations inclusive, advising them that the annual meeting of each of said corporations would be held on December 6, 1952, at the time and place designated in said notices. On the same date notices of annual meetings were also mailed to the stockholders of the Clearview Gardens Fourth, Fifth and Sixth Corporations, inclusive, advising their respective stockholders that the annual meeting of each of said corporations would be held on December 13, 1952, at the time and place stated in such notices. On December 5, 1952, the meetings thus called for the first, second and third corporations, were stayed by the court. These meetings convened, however, on December 6, 1952, the date for which they were noticed, pursuant to the direction of a justice of this court, but were adjourned until December 13, 1952. The formal stay with respect to the meetings called by the first, second and third corporations was vacated on December 12, 1952.

On December 13, 1952, the six corporations proceeded with their annual meetings, in accordance with the notices referred to above, and the stockholders elected twelve directors for each corporation.

Petitioners urge that such elections are invalid, so far as the first, second and third corporations are concerned, because their annual meetings were adjourned and that the election of each of the six corporations was in violation of their by-laws, since the project of each corporation had not been " finalled out ", and until that occurred the original sponsors or their nominees could not be superseded and annual meetings held; that the meetings called for December 6th and 13th respectively were called by directors and officers who were illegally elected at the stockholders' meeting held on October 25, 1952, at which time the petitioners were illegally removed from office.

There is no merit to the petitioners' contention that the meetings of the first, second and third corporations were illegal, because of their adjournment from the 6th to the 13th of December. The minutes of the annual meeting of stockholders of these three corporations held on December 6, 1952, state that a motion to adjourn those meetings to specified hours on December 13, 1952, at the same place was made, seconded and carried, and as I observed in *Matter of Bushwick Sav. & L. Assn.*

*(Von Bayer)* (189 Misc. 316, 318): " It is inconceivable that a shareholders' meeting cannot be adjourned if it become necessary or advisable ".

In my opinion the original notices of the annual meetings of these three corporations for December 6th carried over to the date to which the annual meetings were duly adjourned by motion of the stockholders made and carried as aforesaid, and they could transact on the adjourned date any and all of the business that could have been transacted by them on the original date for which the annual meetings were called by the notices in question.

Neither is there any merit to the remaining objections of the petitioners. The court is unable to find any basis for holding that the annual meetings for the respective corporations and the election of directors thereat could not be held until the consummation of the so-called " finalling out ", nor that the original sponsors could not be superseded as directors by the stockholders at such annual meetings.

As for the claim that the directors and officers who called the annual meetings for December 6th and 13th respectively had been illegally elected, and, therefore, the annual meetings called by them were illegal, the simple answer is that the election of October 25, 1952, has already been judicially declared to have been legal, and, even if it were not, the directors and officers elected at that meeting were *de facto* directors and officers and certainly stockholders who could call the annual meetings required by the by-laws.

In addition no elections were held for Clearview Gardens Fifth and Sixth Corporations on October 25, 1952, since no quorum was present at such meetings and the notices for the annual meetings of these two corporations were signed by the old officers, concerning whom there is no challenge. Also the custodian of the stock records and stock transfer ledgers of each of the corporations establishes, in his opposing affidavit, that none of the petitioners has any stock ownership in Clearview Gardens Fifth and Sixth Corporations. Therefore, in regard to the latter, there is no party aggrieved who could properly challenge the election under the provisions of section 25 of the General Corporation Law.

The petition is, accordingly, dismissed on the merits.

Submit order.