Owen McGivern, J.
This is a motion pursuant to section 25 of the General Corporation Law to set aside the election of directors on the ground that the corporation failed to comply with the law as regards nomination and election of directors.
It is alleged that a meeting of the Great American Realty Corp. was called for July 3, 1961 at 10:00 a.m. for the purpose of electing three directors and to transact such other business as may come before the meeting.
The dissident stockholders of which petitioner is one, raised a protest concerning the failure of the corporation to elect 11 directors instead of 3. Other names than those proposed by management were placed in nomination but before any vote took place, the meeting was adjourned to July 17, 1961.
It is now claimed that the adjourned meeting was improper because notice of the adjourned meeting was not sent to stockholders; that the names of those persons nominated at the July 3, 1961 meeting were not announced at the adjourned meeting; that the names of those elected were never nominated and, finally, that only 3 instead of 11 directors were chosen.
There can be no question that the adjourned meeting was a proper one. Once a stockholder’s meeting is properly convened it may be adjourned from time to time without further notice to stockholders. (See 1 White, New York Corporations [12th ed., 1947], p. 972; Matter of Bushwick Sav. & Loan Assn., 189 Misc. 316.)
While the certificate of incorporation of the subject corporation provides that the number of directors shall be not less than three (3) nor more than eleven (11), the by-laws provide that the Board of Directors shall consist of three persons. Where a by-law is adopted, it is as much the law of this corporation as if its provisions had been a part of the charter. (Cf. Matter of Corporation of Yaddo v. City of Saratoga Springs, 216 App. Div. 1, 3.) It is no cause to seek the protection of section 25 of the General Corporation Law that a stockholder is uninformed of the various by-laws.
The alleged failure of nomination of candidates for the office of director is unconvincing in the light of the certificate of inspectors of election who were disinterested parties. This certificate is attached to the answering affidavit and it includes the names of nine candidates, only four of whom received votes. *94 The fourth person for whom votes were cast was not a management candidate.
The affidavits offered on this motion do not warrant the intercession of this court to order a new election and consequently, the motion is denied.