Howard T. Hogan, J.
In this article 78 proceeding the petitioner seeks an order directing the respondent, Board of Assessors of Nassau County, to exempt the petitioner from the real property tax as a charitable organization under subdivision 1 of section 420 of the Real Property Tax Law.
That section provides for the exemption of real property for “ religious, bible, tract, charitable, [or] benevolent” purposes and goes on to set forth some specific instances such as “ public playground “ medical society ” or “ cemetery purposes
There is no dispute that the petitioner’s purposes, as set forth in the certificate of incorporation of this membership corporation, are as follows: “ To provide free ambulance service to and from hospitals on request from residents of this community, to answer emergency calls where possible from the police department, fire department and other municipal agencies, to provide stretchers, sick beds, oxygen and other items customarily used on ambulances, all without any fee or charge to the recipients, this being a non-profit organization created to assist the ill and injured residents of the community. To own, rent and lease property of all kinds incidental to the operation of this service including real property, vehicles and equipment.”
The application was denied by the board on the grounds that “ the enumerated purposes (of Sec. 420-1 RPTL) do not include that of providing free ambulance service ”.
The county has taken the position that since a free ambulance service is not specifically set forth as an exempt endeavor, the property cannot be exempt. Since a residential apartment building (Webster Apts. v. City of New York, 118 Misc. 91, affd. 206 App. Div. 749), a nonprofit rest home (People ex rel Alumnae Assn. v. Bizzardi, 273 App. Div. 1024), facilities for servicemen (National Navy Club v. City of New York, 122 Misc. 89), and a tennis court (Y. W. C. A. v. City of Neiv York, 144 Misc. 120, affd. 236 App. Div. 665) have been among the numerous purposes *546 held to qualify, none of which is specifically set forth in the statute, the argument of the county that specification is required cannot be meritorious. Bach endeavor must be judged on its own merit as to whether it is religious, charitable or benevolent.
The statute requires that the corporation must be organized ‘ ‘ exclusively ’ ’ for a permitted use — such as for charitable purposes and that the property must be exclusively used for exempt purpose (American-Russian Aid Assn. v. City of Glen Cove, 41 Misc 2d 622, affd. 23 A D 2d 966).
The certificate of incorporation sets forth the corporate purposes, which are exclusively charitable purposes. The application for exemption sets forth the fact that the property is used exclusively for ambulance operation purposes as a meeting room and garage.
The county places great weight upon a bill introduced in the Legislature which would expressly exempt real property owned by a volunteer ambulance service, inferring that the bill would not be needed if they were now exempt. • They have submitted nothing to support that inference.
The petitioner is entitled to its exemption.