Abraham J. Gellinoff, J.
Petitioners, who are husband and wife, as members of the FDR-Woodrow Wilson Democrats, Inc., a membership corporation, seek an order to void the election of directors at a meeting held on March 20,1968.
In essence, the application is based on these contentions: (1) that, by statute, as supplemented by the corporate by-laws, directors may be elected only at a duly called membership meeting; (2) that the meeting called for March 20, 1968 was not duly called; and (3) that consequently the election of directors thereat is void.
The corporation, as its name suggests, is a political club, with centered activity in upper West Side Manhattan. It has approximately 1,150 members and its meetings are well attended. The March 20, 1968 meeting, the validity of which is in dispute, was attended by approximately 150 to 250 members.
Pursuant to sections 20 and 42 of the Membership Corporations Law, the club adopted by-laws. These by-laws provide for an “ annual meeting ” in February and for “ other meetings ” at least once per month. At least seven days’ written notice to all members is required for the “ annual meeting ”, and at least five days’ written notice is required for “ other meetings ”. The officers of the club and members at large of a board of directors are required to be elected at the “ annual meeting ”.
In accordance with these by-laws, an annual meeting of the members was duly called for February 28,1968, for the election of officers and of members at large of the board of directors. *745 At this meeting, due to unanticipated other business, the election of directors was not reached. The minutes record that, “ After sometime, when it became apparent that no report was forthcoming from the proxy committee, David Kombluh introduced a resolution recessing the meeting and empowering the executive board [obviously meaning the Board of Directors] to set a date for continuing this meeting no later than three weeks from today’s date. The motion passed.”
On March 14, 1968, there was a regular meeting of the Club, which apparently was very well attended.
On March 15,1968, the president and the secretary of the club served five days’ notice by mail of an “ Annual Membership Meeting ” to be held,on “ March 20, 1968.” This notice reads in part as follows:
“ FDR-WOODROW WILSON DEMOCRATS INC.
Annual Membership Meeting
Wednesday, March 20,1968 — 8:30 p.m.
(This is a continuation of the annual membership meeting that was recessed on February 28, 1968.) Date for continuing was set by Board of Directors as per resolution passed at that meeting.) ” It was at this meeting of March 20, 1968, that the challenged election of directors was had.
The provisions of section 22 of the General Corporation Law are applicable where there is a claimed failure to elect directors of a membership corporation (cf. Matter of Atwater, 85 N. Y. S. 2d 738; see General Corporation Law, § 6). Section 22 of the General Corporation Law, as here pertinent, provides: “ If the election has not been held on the day designated, the directors shall call a meeting forthwith for the election of directors, giving notice thereof as provided in respect of the annual meeting.” It was, therefore, incumbent on the Board of Directors — since the election here involved had “ not been held on the day designated ” (General Corporation Law, § 22) — to call a meeting, “ giving notice thereof as provided in respect of the annual meeting” (id.) The club’s by-laws provide for at least seven days’ written notice for the annual meeting. Only five days’ notice was given. The notice, therefore, failed to comply with section 22 of the General Corporation Law and with the club’s own by-laws, both of which must be given effect together.
The meeting of March 20,1968, was not an “ other meeting,” for which only five days’ notice would have been sufficient. Indeed, the instant notice plainly states that it is an “ Annual *746 Membership Meeting” and that it is “a continuation of the annual membership meeting ’ ’ and that the ‘1 Date for continuing was set by Board of Directors.”
It makes no difference whether the meeting of March 20,1968, is called an “ adjourned ” annual meeting or a “recessed” annual meeting or a “ continued ” annual meeting. It was an “ annual meeting. ”
Under the club’s by-laws, the date for the annual meeting may be set only by the board of directors, and the notice required to be given is “at least seven days ” to “ all members.’’
The respondent’s contention that service of notice of the date of the adjourned membership meeting was not required, is based on excerpts from the opinions in Matter of Siebenmann (32 Misc 2d 92) and Matter of Weinstein (203 Misc. 975). In each of those cases the adjourned date was specifically set by, and announced to, the membership at large attending the original meeting. Obviously, as all members are bound by proceedings at a duly called meeting, there is no need for further notice. In the case at bar, however, the motion passed at the February 28, 1968 annual meeting did not set a specific date for the adjourned meeting, but rather empowered the “ executive Board to set a date for continuing this meeting no later than three weeks from today’s date.” The membership at large was not obliged to make inquiry of the board of directors as to the date set for continuing the annual membership meeting. The membership was entitled to receive notice, written notice, seven days’ notice.
That all the so-called “complainants” — except petitioner Barbara L. Cohen — • attended the March 20, 1968 meeting and, by their conduct thereat possibly waived objection to the defective notice of meeting, and that the meeting was well attended, are immaterial. The test is whether petitioner Barbara L. Cohen was entitled to vote. If she was, she was entitled to due notice. This application is made under section 25 of the General Corporation Law and a single aggrieved member of the club may apply to set aside the election, as this section is intended for the benefit of the membership as a whole (Matter of Hoe & Co. 14 Misc 2d 500, affd. 285 App. Div. 927, affd. 309 N. Y. 719).
That petitioner Barbara L. Cohen had knowledge of the meeting and, indeed, intended to attend the meeting, are likewise immaterial. If the notice failed to comply with the statutory and the club’s by-law requirements, such omission is ground for voiding the election unless there is a clear waiver on her part, not present in this case (cf. Matter of Melloh v. Beattie, 17 Misc 2d 902). Where insufficient notice of an election is given “ there *747 is no election and justice requires no further showing ” (Matter of Green Bus Lines [Turner], 166 Misc. 800, 804).
On an application under the General Corporation Law (§ 22) when issues are raised as to facts material to decision, a hearing is requisite (Matter of Femode Foundations, 2 A D 2d 874). However, when no issues are raised as to facts material to decision, a hearing is not necessary. The test is similar to that on a motion for summary judgment (Matter of Atwater, 85 N. Y. S. 2d 738, supra). Here there are no issues raised as to facts material to decision.
Apart from what has been said, justice and equity require that the election be set aside.
When the club failed to elect the directors at the February 28 annual meeting, it was a simple matter, then and there, to fix and announce the date for the continuation of the annual meeting. It was known that the club was obligated under its by-laws to hold another meeting the following month. As a matter of fact it did hold one on March 14th, which was very well attended. Yet, on February 28th, it left the date of continuation indefinite and uncertain. When the board of directors finally did fix a date, the date fixed was March 20th — the latest permissible date under the formula adopted at the meeting of February 28th. Assuming the board of directors thought a five-day notice sufficient, it was not until the last day that even that notice was mailed. With ample time to spare, a seven-day notice could have been given.
When the well-attended meeting of March 14th was held, the directors must already have fixed the date of March 20th for continuation of the annual meeting, for the notices were mailed on March 15th. Yet it does not appear that a word was mentioned at the March 14th meeting about March 20th as the continued annual meeting date.
The notices were mailed on March 15th — a Friday — for a meeting on March 20th — -Wednesday. With Saturday and Sunday intervening, bulk mail could not be expected to be received before Tuesday or Wednesday.
Respondent is a political club, whose avowed purpose is to broaden the base of citizen participation in the affairs of a major political party. Its posture in the community it seeks to serve charges it with more than usual good faith in dealing with its membership. Any doubt should be resolved in favor of the members.
The petition is granted.