## In re KELLER.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. CORPORATIONS—ELECTION OF DIRECTORS—CONTEST—GROUNDS—WAIVER.

   The failure of a stockholder contesting the election of directors of a corporation, as authorized by General Corporation Law, Laws 1892, p. 1810, c. 687, § 27, requiring the Supreme Court, on the application of any person complaining of any election of any corporation to hear the matter and establish the election or order a new one, to specify in the application that the statutory notice of the election was not given, is not a waiver of the omission to give the notice, notwithstanding General Rules of Practice, § 37.

2. SAME—NOTICE OF MEETING OF STOCKHOLDERS FOR ELECTION—WAIVER.

   General Corporation Law, Laws 1892, p. 1809, c. 687, § 24, requires the giving of notice of a special meeting for the purpose of electing directors of a corporation in the same manner as at the annual meeting. Stock Corporation Law, Laws 1892, p. 1828, c. 688, § 20, requires the publication of notice of the time and place of holding an election of directors, and in such other manner as may be prescribed in the by-laws. The by-laws of a corporation required the mailing of a notice to each stockholder 30 days before the meeting. A meeting for the election of directors was held on 12 days' notice. A stockholder did not take part in the election, and no one with authority appeared for him. *Held,* that the failure to give the notice required by the by-law was a substantial omission, which warranted the court in setting aside the election on the application of the stockholder, though the result of the new election would be the same.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1200.]

Appeal from Special Term, Washington County.

In the matter of the application of Jasper N. Keller to set aside an election of directors of the Co-operant Telephone Company. From an order setting aside the election and directing a new election, James H. Caldwell and others appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

J. Sanford Potter, for appellants.
Otis A. Dennis, for respondent.

SMITH, J.  The regular annual meeting at which directors of the Co-operant Telephone Company should have been chosen in 1905 was held on the 13th day of November.  The election was not then held by reason of the fact that the notice required by the statute had not been served.  Subsequently a meeting was called to be held upon the 20th day of December, 1905, for the election of directors.  Notice of such meeting was mailed to the various directors upon December 8th, thus giving them 12 days' notice of such election.  By section 24 of the general corporation law (Laws 1892, p. 1809, c. 687) it is provided:

"If the election has not been held on the day so designated, the directors shall forthwith call a meeting of the members of the corporation for the purpose of electing directors, of which meeting notice shall be given in the same manner as of the annual meeting for the election of directors."

By section 20 of the stock corporation law (Laws 1892, p. 1828, c. 688) it is provided:

"Notice of the time and place of holding any election of directors shall be' given by publication thereof, at least once in each week for two successive weeks immediately preceding such election, in a newspaper published in the county where such election is to be held, and in such other manner as may be prescribed in the by-laws."

The by-laws of the company prescribe:

"In addition to the notice of such meeting required to be given by law, a notice of such meeting, either written or printed or partly written or partly printed, shall be mailed thirty days before such meeting to each stockholder. * * *"

At the meeting of the stockholders of which notice was thus given the appellants here were elected directors.  The petitioner, although the owner of over 800 shares of stock, was not present.  The respondents were elected by the vote of the owners of 1,095 shares out of 2,000 shares.  This proceeding is brought under section 27 of the general corporation law, which gives authority to the court summarily to order a new election or make such order and give such relief as right and justice may require.  The court below has set aside the election and directed a new election.

The appellants first object that the giving of the prescribed notice was an irregularity, which was waived because not specified in the petition or notice of motion.  This objection would seem to be based upon rule 37 of the general rules of practice, which rule is not applicable to this application.

That this requirement of a 30-day notice might have been waived by the respondent here is unquestionably true. If he had appeared and taken part in the election without objection as to the notice given, he could not be heard thereafter to object that notice was insufficient. But he did not appear at the election. It is true that some attorneys representing him upon this proceeding did appear. They took no part, however, in the election, and did not vote. They were themselves the owners of a small number of shares of the stock of the company, and in no way assumed to represent him; so that no waiver can be predicated as against the respondent upon any acts of theirs. The respondent, then having chosen to rest upon his legal rights, may legally complain that he has not been given the notice which the by-laws require. It is no answer to say that the result will be the same upon another election. The length of the notice required by the by-laws may have been for the very purpose of allowing a stockholder to convince his fellow stockholders of the desirability of the election of the directors whom he favors, or, perchance, of negotiating for the purchase of their stock that he may vote upon it for those whom he desires to act as directors. The failure to give the notice required by the by-laws is a substantial omission, which should not be disregarded unless upon clear waiver by the stockholder. The Special Term rightfully held that the election should be set aside and a new election ordered. Other objections are made to the regularity of the election which it is not necessary here to consider. The final order must, therefore, be affirmed, with costs. All concur.