In the Matter of GREEN BUS LINES, INC. (Petition of MAX TURNER.)

Supreme Court, Special Term, New York County, November 13, 1937.

*Joseph Heller,* for the petitioner.

*Arthur Hutter* and *McInerney, Seligman & Seligman,* for the respondent Green Bus Lines, Inc., and for John W. Alexander and others, directors.

STEUER, J. The corporation involved in this petition has twenty-one directors. A suit by a minority stockholder was in progress in the Supreme Court, Kings county. It became apparent that the future welfare of the corporation would be enhanced by a quick settlement of the case. An agreement was arrived at to the effect that a special meeting for the election of directors would be held, at which election the directors then holding office would be candidates. It was urgent that the election be held upon short notice.

All of the stock of the corporation was held by voting trustees. While the trustees were not parties to the litigation, they became

parties to the stipulation which terminated the suit. By the terms of that stipulation, an election was to be held, as before outlined, upon forty-eight hours' notice to the stockholders. All questions pertaining to the election were to be referred to the justice presiding at the trial. The election was held, resulting in the selection of eighteen new, and the retention of three old, directors. At the election 240 of the 245 stockholders voted.

The petitioner, who was the holder of a one-half unit of stock, did not vote at the election. He brings this proceeding on petition, pursuant to section 25 of the General Corporation Law, to review the election of the directors. His purpose is to secure a new election. He claims the election to be invalid for five reasons: (1) That the notice required under section 45 of the Stock Corporation Law was not given; (2) that stockholders were deprived of the right to vote by proxy; (3) that the candidates for office were designated by unappointed groups, without consultation of the stockholders; (4) that other nominations could not be made at the meeting; and (5) that a person not a stockholder was permitted to vote.

The last four reasons merit slight consideration. The person claimed not to be a stockholder actually was a stockholder. The right to vote by proxy was not denied, and petitioner made no attempt to vote in that or any other way. There was no restriction upon the method of nomination of directors, and no one was prevented from voting for a candidate for director whose name did not appear upon the list.

The sole question is whether the election must fall because insufficient notice was given. It is claimed by the respondents that section 45 of the Stock Corporation Law does not apply to an election of this character, but only to an election described in section 22 and section 23 of the General Corporation Law. Section 55 of the Stock Corporation Law contains this statement: " Notice of the time and place of holding any election of directors shall be given as prescribed in section forty-five."

The respondents' next contention is that petitioner is not a person aggrieved by the election and hence cannot maintain this proceeding. That would depend upon whether the petitioner had a right to vote at the election. The voting power was vested in the voting trustees by virtue of the voting trust agreement. It is the respondents' contention that the voting trustees yielded that power for this occasion to the stockholders. If respondents are correct, then petitioner had a right to vote, and as such was a person aggrieved. Under the voting trust agreement the voting trustees had the right " to exercise all rights of every name and nature, including the right to vote and to give any consent in writing

in respect to any and all shares deposited." It is argued that this language authorized the trustees to consent to a shorter notice. It is important to note that the voting trust agreement remains in existence.

The question then presented is, Can voting trustees yield their voting rights to the stockholders, who are the *cestuis que trust*, and, if they can, may they at the same time waive provisions of notice on their behalf? It cannot be disputed that a voting trustee, unless specifically authorized, may not exercise his rights through another, but only in person. This is recognized in the voting trust agreement in this case, where specific authority to do certain things by agent is granted. There may be a distinction between the yielding of the right to vote to the person originally having such right and authorizing a third person, but in either case the authority to act must be found either in the instrument or in the consent of the stockholders affected, and neither appears in this case. The language of the instrument quoted above is authority to the trustees to waive notice on their own behalf, but could have no such extraordinary effect as is here urged.

The respondents also raise the point that section 25 of the General Corporation Law states that the court should " confirm the election or order a new election, as justice may require." They claim that the facts here showed that justice does not require a new election. In addition to the facts set forth they claim that petitioner is really disinterested in this proceeding, and brings the action on behalf of the defeated candidates for director. Proof to support the contention is lacking. Even if it were present, it is hard to see how it can affect the situation. The requirements of justice, as intended in the statute, do not entitle a particular judge hearing the petition to determine whether or not the balance of equities or his own conception of fairness should determine the result. What must be decided is whether the election has been held in accordance with the governing provisions of law. The provision for notice has always been regarded as an essential requirement. Its absence can only be avoided by proof of waiver. The attempted waiver by the voting trustees was not effectual.

Petitioner is entitled to the relief requested. Settle order accordingly.

### On Rehearing and Reargument, December 22, 1937.

This is a rehearing and reargument of the motion heretofore granted herein. Upon the reargument nothing has been shown which in any way changes the opinion expressed in the memorandum upon the original motion.

One point might, however, receive further elucidation. That concerns the meaning of the statutory direction that the court "shall * * * confirm the election or order a new election, as justice may require." (Gen. Corp. Law, § 25.) There are two distinct lines of cases, one cited by each of the parties hereto. These cases are not at all in conflict. The rule is that, where the election is legal, that is, has been held in accord with proper authority and upon due notice, in order to set it aside a petitioner must show that he has been aggrieved by it. Such a showing must amount to either an inequitable result or proof that the irregularity complained of would, if corrected, produce a different result.

The other line of cases deals with a situation where no legal election was held in that the alleged election was unauthorized or insufficient notice of it was given. In such an instance there is no election and justice requires no further showing. (*Matter of Keller*, 116 App. Div. 58; *Matter of Empire State Supreme Lodge*, 118 id. 616.)

On the rehearing two additional matters were presented. The first is proof that the petitioner waived notice of the election and is estopped because he is in fact acting for persons who waived notice. If either of these were established it would constitute grounds for changing the original decision and denying the application. Respondent's difficulty is that the proof falls short of establishing a waiver or that petitioner is acting for any one other than himself.

The second matter is that in the period between the two arguments an order was entered in the stockholders' action in Kings county confirming the election. Without wishing to give even the appearance of disrespect to that order, this court cannot see that it affects the situation. That such an order would follow in due course of the Kings county action was to be expected; yet the duty of this court to pass upon the questions raised upon this application has been determined. The propriety of bringing the application here is not to be considered.

It is urged there is inherent power in the court which ordered the election to enjoin the petitioner herein from proceeding because this application would interfere with the exercise of complete jurisdiction by that court. However that may be, no authority has been submitted that a court may deny relief because of such a possibility.

After rehearing and reargument, the original decision is adhered to.