Samuel M. Gold, J.
By motion No. 6 of June 10, 1955, a proceeding is brought by named policyholders in a representative capacity for an order prohibiting the holding of a contested election, setting aside the election, canceling the mailing of the ballots to policyholders entitled to vote thereon, vacating the orders of the Superintendent of Insurance directing the mailing of the ballots, and directing the Superintendent of Insurance to order a new election. The validity and the propriety of the petition must rest upon the rights of the individual petitioners.
By motion No. 17 of June 10, 1955, petitioners, constituting the company slate in the election of five directors, seek to enjoin the counting of ballots received by mail or offered personally or by proxies after the closing of polls at 4:00 p.m. on the day of the election.
Several thousand policyholders and proxy holders appeared on the day of election. Upon request the Superintendent of Insurance issued an order on the day of election which is as follows:
“ In response to inquiry as to whether proxies are to be signed by the holders after 4:00 p.m. on May 13, 1955, you are advised that if the holders of the proxies are within the confines of the polling quarters and are in possession of numbered official ballots properly executed, they may continue to vote the official ballot after 4:00 p.m., and until all such proxies have been voted.
“ In order to avoid any possible misunderstanding regarding the requirements of subsection 17 of Section 198, this subsection is to be interpreted so as to require the actual signing of the proxy by the proxy holder, in the name of the policyholder. Such signatures are to be in writing, and not printed or typed.”
*944 That order was properly issued in pursuance of the requirements and duties imposed by subdivisions 17, 24, 28 and 29 of section 198 of the Insurance Law. The order reasonably construed required that all proxy holders at the polls at 4:00 p.m. and then holding properly executed proxies ready to offer their ballots in pursuance thereof, may continue to do so after 4:00 p.m. Contention is raised that the ballots were executed by the proxy holders after 4:00 p.m. The controlling factor is presence and possession of a properly executed proxy at 4:00 p.m. As to presence and possession no issue is raised. The offer of the ballot is made as soon as physically possible, and since such physical possibility did not exist at 4:00 p.m., the proxy holders could not be deprived of continuing opportunity to offer their ballots even though executed by them at the moment the physical opportunity arrived. Motion No. 17 is accordingly denied.
There was no proper compliance with subdivisions 3 and 11 of section 198 of the Insurance Law. The time schedule -provided by that section may not be altered by rule or regulation (Matter of Green Bus Lines [Turner], 166 Misc. 800).
Two questions remain and upon their determination rests the right of petitioners to the relief sought by Motion No. 6. Did the petitioners cast a ballot at the contested election and did they waive compliance with subdivisions 3 and 11? While an election must be confirmed or a new election ordered as justice may require, further examination of the requirements of justice may follow only upon the existence of a legally held election, but inquiry halts upon a finding that the contested election was illegally held. Nevertheless, in the latter instance, as already indicated, the accruing rights may be lost petitioning policyholders. As stated in Matter of Green Bus Lines (Turner) (supra, p. 804): “ On the rehearing two additional matters were presented. The first is proof that the petitioner waived notice of the election and is estopped because he is in fact acting for persons who waived notice. If either of these were established it would constitute grounds for changing the original decision and continuing the application. Respondent’s difficulty is that the proof falls short of establishing a waiver or that petitioner is acting for anyone other than himself. ’ ’
It seems rather extraordinary that the objectants on one motion are the company slate, while the objectants on the other fail to disclose their choice. The main contention is that section 198 is intended to afford ample time to policyholders to investigate into the competing slates. The company slate had been discontinued several months before the election. It was the *945 company that instigated the orders altering the statutory time schedule. The company slate appears to have lost the election. The stipulations on which the orders of the Superintendent of Insurance were made were signed by the company and the independent slate. Inferentially at least the company slate supported the company stipulation. If the petitioners cast a ballot at the election, or they waived or are acting for those who did waive notice of election, they cannot maintain this proceeding successfully. A hearing of those issues is directed and a reference is ordered.
The motions are disposed of accordingly. Settle order.