Matthew M. Levy, J.
This is an application to set aside the alleged elections of directors of two corporations at meetings of stockholders purportedly held on January 28, 1958, pursuant to notices dated January 13, 1958. The notices failed to state the purpose of the meetings, and, indeed, there is in effect a concession by the respondents that the notices did not comply in that respect with sections 45 and 55 of the Stock Corporation Law and with sections 1 through 4 of article I of the by-laws of the corporations. The petitioner personally attended the stockholders’ meetings and, without further participation, left immediately after voicing his objection (and that of the proxies he held) to the validity of the meetings. (Cf. Matter of Frankel v. 447 Central Park West Corp., 176 Misc. 701, affd. 263 App. Div. 950.)
It is urged by the respondents that the result would be the same upon another election, but that is no answer in the circumstances here (Matter of Empire State Supreme Lodge of Degree of Honor, 118 App. Div. 616). The failure to give the notice required is a substantial omission of an essential requirement which cannot be disregarded unless there was clear waiver on the part of the objecting stockholders (Matter of Keller, 116 App. Div. 58).
Waiver, akin to estoppel, is claimed by the respondents upon the ground that the petitioner, as president, presided at the meetings of the directors of the corporations on December 17, 1957, at which the secretary was instructed to send out notices of the special meetings for the elections of directors on January 28, 1958, and, therefore, that, as the petitioner knew the purpose of the meetings, it was his duty as- president, prior to the .holding of the meetings, to object to the form-of the notice therefor, if objection he had. In the light of the history of the controversies and litigations between the two contending groups in these corporations (Matter of Kelly v. 74 & 76 West Tremont Ave. Corp., and Procario v. 74 & 76 West Tremont Ave. Corp., 4 Misc 2d 533, mod. and affd. 3 A D 2d 821, affd. 3 N Y 2d 973), *664 the claim of waiver based upon the petitioner’s alleged fiduciary responsibility as president is overruled. It is quite obvious that neither faction was relying upon the conduct of the principals of the other. Each was keeping his own powder dry, and trusting in the ammunition supplied by the legal advisers of his own clique. It was the secretary who was directed to send the notices; it Avas his duty and responsibility to see to it that they Avere proper. It has not been shown that he was under the influence or control of the petitioner in Avording the notices in the form that he did.
It is also alleged by the respondents that all of the stockholders actually lmcAv the purpose of the meetings, and that those stockholder's Avho objected to the meetings because the notices did not state their purpose were made aware of it by the petitioner Avhen he asked for and secured their proxies for use at the meetings. The difficulty Avith this allegation is that no proof is presented to support it. But, on the assumption that this assertion is basically factual, I am of the opinion that Avaiver here cannot be predicated upon such knowledge and nothing else. The steps pursued by the petitioner and the other stockholders friendly to him prior to the meetings were their own affair, engaged in in pursuit of their own legal rights. In thus proceeding it cannot be said that, without more, they Avaived those rights. They may therefore still legally complain that they have not been given the notice Avhich the laAvs and the by-laws require.
In sum, it is my Anew that the notices failed to comply Avith statutory and corporate requirements and that the respondents have failed to sIioav any acts Avhich constitute a clear waiver of the inadequacy of the notices on the part of the petitioner and of the stockholders for Avhom he was proxy. Accordingly, the application to set aside the elections is granted. Settle order.