Edgar J. Nathan, Jr., J.
This is a petition pursuant to section 25 of the General Corporation Law to disaffirm the election of directors at the annual meeting’ of the corporate respondent held on February 27, 1959. This closely-held corporation is owned equally by two family groups who are in disagreement over management policy. Petitioner claims that the telegraphic notice of this annual meeting of stockholders was improper; that some stockholders received no notice, and that no quorum was present.
Petitioner, Grace Larkin, a stockholder of record owning 30.125 of the 300 authorized and outstanding shares of the corporation, was not notified in conformance with the by-laws and section 45 of the Stock Corporation Law. Regardless of the validity of the telegraphic notice, notice to this stockholder was sent to an address other than that appearing on the stock record book. Nor is it controverted that this was never her residence. While she may have had knowledge of this meeting, the fact remains that the notice failed to comply with the statutory and corporate requirements. Such an omission is ground for disaffirmance unless there is a clear waiver on the part of the stockholder, not present in this case (Matter of Keller, 116 App. Div. 58, 60).
Petitioners also claim that the Linwood proxy for 100 shares of respondent corporation’s stock was not validly represented at the meeting, for either quorum or voting purposes. Linwood Lace Works, Inc., is the owner of 100 shares of respondent corporation’s stock. The stockholdings in Linwood are also equally divided between the two family groups and it has the same officers and directors as respondent. The board of directors of Linwood authorized, as its proxy committee, Messrs. Quinn and Melloh, to vote all shares of respondent corporation’s stock at any and all meetings of the stockholders. Each year since the adoption of the foregoing resolution, the president and secretary of Linwood executed a new proxy to the committee, to conform with section 19 of the General Corporation Law. This year, the president of Linwood, alone, executed such a proxy to the committee, dated February 26, 1959. The authorization of this *904 proxy was in all respects valid and did not require further approval of the board of directors, nor did it require the signature of Mr. Melloh, the secretary of the corporation. The officers were directed to issue the proxy, and the refusal of one to perform this ministerial act should not be allowed to impair the validity of the proxy.
This proxy, however, was signed only by Mr. Quinn and not by Mr. Melloh, and was counted at the annual stockholders’ meeting for the purpose of a quorum. In issuing a proxy to two persons, either of them may be authorized to exercise the power (5 Fletcher, Cyclopedia Corporations, § 2060). The proxy in question, however, contains no such authorization, but appoints both proxies by name “ as its true and lawful attorneys and agents as a proxy committee to attend any and all meetings of the stockholders * * * and then and there to vote for this company in its name, place and stead, as its proxy and representative * * * as may in their judgment be necessary or advantageous to the interests of this company.” This proxy must be construed to run jointly to the two members of the committee. The proxy committee was obviously chosen to insure representation of the two dissident family groups owning Linwood stock. As a joint proxy committee, it required the assent of both in order to vote (see Sullivan v. Parkes, 69 App. Div. 221). Under the circumstances, the Linwood proxy was neither entitled to be counted for voting nor for quorum purposes, under section 4 of article 1 of respondent’s by-laws.
There being insufficient notice of the meeting, and less than the required number of shares present to constitute a quorum, the election at this meeting must be set aside and a new election ordered.
Settle order.