Edgar J. Nathan, Jr., J.
Petitioner is a stockholder and member of the board of directors of 115 Central Park West Corporation, which owns a luxury apartment house in Manhattan. The individual defendants are also members of the hoard of directors.
Petitioner seeks to enjoin the defendants from refusing to allow him or any other board member to vote any proxies he may have received in connection with a special meeting of stockholders scheduled for April 4, 1960, to decide whether or not to renew a management contract now in existence between the corporation and Premier Management Corporation.
The terms of the management contract provide, among other things, that the contract is automatically renewed unless within a specific period a majority of the outstanding stock affirmatively votes against continuation.
By unanimous resolution, the hoard of directors prepared a form of proxy statement which was mailed to each stockholder of the corporation. The proxy runs in favor of all the members of the board of directors and each or any of them, and provides for a vote either for or against the retention of Premier. Thereafter, petitioner circulated a second proxy, identical with the first, except that it only provides for a vote against the retention of Premier.
The majority of the board of directors has informed plaintiff that they will not honor this proxy at the special meeting and will refuse to count any votes exercised pursuant to this second proxy form. Their claim is that plaintiff’s proxy form is misleading, because it also runs in favor of the entire hoard of *196 directors and each or any of them, and this tends to create the mistaken impression that the board of directors has taken a position against renewal of the contract with Premier.
Plaintiff seeks to enjoin this action as beyond the power of the directors, alleging that failure to so do will result in irreparable harm to the corporation, in that the management contract with Premier will be extended for another two years, contrary to the desires of a majority of the stockholders.
It is well settled that directors have no authority to pass upon the qualifications of voters, whether in person or by proxy. This is solely a matter for the inspectors of election (Matter of Robert Clarke, Inc., 186 App. Div. 216). Were the directors to act as they propose and refuse to recognize the “ Prince ” proxies, they would clearly be exceeding their authority. Further, it is not necessary for all of the directors to vote the proxies in question; plaintiff or any one of the directors named in the proxy, singly has the power to do so alone. The “ Prince ” and the “ official ” proxies are valid if only one of the designated proxies votes (Matter of Mellah v, Beattie, 17 Misc 2d 902). Nor is any special form of proxy required. The statute (General Corporation Law, § 19) requires only that it be in writing.
The allegations of the defendants that the proxies in dispute are misleading are not impressive. In any event, since almost all the stockholders reside in one apartment house and therefore must be presumed to be readily accessible to the board of directors, any misimpression as to the feelings of the board concerning the Premier contract can easily be put to rest. Any proxies given plaintiff can be revoked by a later proxy or a personal appearance at the special meeting. The board, or any interested party, is free to communicate with the stockholders, either in person or by mail. They are not free to exceed their powers as directors. In this instance irreparable harm would follow, as the result may be a binding two-year renewal of the Premier contract against the wishes of a majority of the stockholders.
Accordingly, the injunction shall issue. Settle order on short notice.