OPINION OF THE COURT
Sol R. Dunkin, J.
This is a special proceeding pursuant to section 618 of the Not-For-Profit Corporation Law instituted by several members of the Woodside Republican Club, Inc. (hereinafter Woodside) for the purpose of determining the validity of an election of officers of said club held on December 27, 1982.
Petitioners seek an order vacating the election for lack of adequate notice and for the disruptive conduct of several members including the respondents. They further assert that the nomination of officers made at the election meeting be declared invalid for failure to conform to Robert’s Rules of Order. In the alternative, petitioners urge that the election be either declared invalid for failure to recognize and accept proxy votes or that the election be confirmed after including the proxy votes in the election results.
*122 The general picture that emerges from the numerous papers filed, both in support and in opposition to the petition, is one of confusion and backstage machinations for the purpose of securing control of Woodside. The following facts are undisputed:
On November 29, 1982 a nominating committee of the club set forth nominations for officers which included Ann Azzi for president, David Zaks for vice-president, Mary Melville for second vice-president and Helen Reynolds for treasurer. The candidates of this first slate are the petitioners herein. The president of the club, Anthony Suraci, also a petitioner, opened the floor to further nominations. Respondent Sommerville was nominated as treasurer; however, she declined the nomination. The nominations were then closed without objection and the election was scheduled for December 27, 1982. Notice of the upcoming meeting was sent to members, however, no mention was made of the election.
On December 27, 1982 the election meeting took place. Immediately preceding the vote petitioner Suraci, as was the custom, called for further nominations from the floor. In response, a completely different slate of officers was offered comprised of the respondents herein.
The events following the nomination of the second slate of candidates are in dispute. However, the opposing parties agree that at some point after the balloting, petitioner Suraci produced several papers which he claimed were proxy votes. The alleged proxies were not accepted or counted in the results. Absent the proxies respondents received a greater number of votes, however, inclusion of the proxies would have resulted in a tie vote for president and the election of petitioner Melville for second vice-president.
Petitioners urge that the election be set aside for failure to provide notice thereof. They further assert that lack of notice as to the nominations of a second slate of officers rendered the election invalid. Failure to give adequate notice of a meeting for the election of directors as required by the by-laws is a ground for vacating such an election. (Matter of Kaminsky, 251 App Div 132; Matter of Keller, 116 App Div 58; Matter of Gilman v Long Is. Home *123 Bldrs. Inst., 11 Misc 2d 393; Matter of Green Bus Lines, 166 Misc 800.) In addition, an election may be set aside where members were denied the right to know a reasonable time in advance of the candidates for office (Matter of Flushing Hosp. & Dispensary, 262 App Div 749, mod on other grounds 288 NY 125). Here, the by-laws do not strictly require notice. However, even absent a notice requirement in the by-laws, the election may be vacated if the failure to notify members is repugnant to the interests of right and justice. (Not-For-Profit Corporation Law, § 618; see Matter of Faraldo v Standardbred Owners Assn., 63 AD2d 1010.) Under the circumstances presented here, fair play and justice require notice. This is especially so where the custom was to close nominations for candidates prior to the election meeting despite the pro forma call for further nominations immediately preceding the vote.
The respondents argue that since petitioners were at the meeting either in person or by proxy, they are estopped to maintain this proceeding. Petitioners are aggrieved not only on their own behalf, but also on behalf of others who may have appeared and supported the petitioners had they known an election was to take place and challengers to the first slate of candidates were being nominated.
Accordingly, petitioners’ request for relief is granted to the extent only that a new election for officers of Woodside is ordered to be held in conformance with the following requirements. Written notice of the place, date, and hour of the election shall be given, personally or by mail, not less than 10 days before the date of the election, to each member entitled to vote at such election.
Respondents’ motion to dismiss for failure to join a necessary party is denied. Woodside should be named as a respondent herein; however, petitioners have mistakenly joined the club as a petitioner. (Not-For-Profit Corporation Law, § 618.) Misjoinder of Woodside as a petitioner is not a ground for dismissal (CPLR 1003). Further, no prejudice has accrued to either the respondents or Woodside from petitioners’ failure to properly designate the club as a respondent. Accordingly, it is hereby ordered that the caption be amended to reflect the proper designation of Woodside as respondent herein.
*124 The other issues raised by the parties need not be addressed in that a new election is directed. However, with respect to said election, the question of whether voting by proxies is valid must be resolved.
Section 609 (subd [a]) of the Not-For-Profit Corporation Law provides that every member is entitled to vote by proxy except as otherwise provided in the certificate of incorporation or the by-laws. No prohibition of proxy voting is set forth in the by-laws. However, with respect to matters not provided therein, the by-laws refer to Robert’s Rules of Order. On the subject of voting by proxy, Robert’s Rules of Order are merely advisory and cannot be used to deprive members of such an essential and fundamental right. Thus at the new election ordered herein members are entitled to vote by proxy.