Jack H. Zinkow, Maxwell W. Wells, Jr., Robert W. Morrison, Orlando, Fla., for plaintiff.

Andrea A. Ruff, Orlando, Fla., for defendants.

---

**In re HICKORY POINT INDUSTRIES, INC., Debtor.**

**HICKORY POINT INDUSTRIES, INC., Plaintiff,**

v.

**HICKORY HOLDING CORPORATION, Bernard Ricard, individually, Jean-Pierre LeMoine, individually, and Andrea Ruff, individually, Defendants.**

**Bankruptcy No. 85–111–Orl–BK–GP. Adv. No. 85–70.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

June 26, 1985.

### ORDER OF DISMISSAL OF ADVERSARY PROCEEDING

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was initiated with a complaint for injunctive and declaratory relief. The plaintiff asked the Court to find that the shareholders of all outstanding shares, i.e. Jean-Pierre LeMoine and Hickory Holding Corporation, were not empowered to vote to file a bankruptcy petition, and that, at the time of filing and at trial time, the actual board of directors consisted of Viola S. Daugherty, Maxwell W. Wells, Jr., and Robert W. Morrison. The complaint further asks for a declaration that the attorney who filed the petition and was subsequently appointed by order of this Court as attorney for the debtor, Andrea Ruff, is not in fact the attorney for the debtor. The plaintiffs also ask for turnover of estate assets, and other varieties of injunctive and declaratory relief.

The evidence was heard on May 6 and May 20, 1985, on the plaintiff's motion for preliminary injunction; arguments were heard on June 4. The Court now enters

the following findings of fact and conclusions of law:

On or about January 16, 1984, defendants LeMoine and Hickory Holding Corporation, who are record owners of all of the issued and outstanding stock in the debtor corporation, executed a note and security agreement (Agreement) in favor of the George W. Daugherty Trust and Julia W. Daugherty (Daughertys).

According to the terms of the Agreement, the defendants pledged their stock to the plaintiffs, and also agreed that in the event of default, the Daughertys rather than the plaintiffs would be entitled to exercise the voting rights which ordinarily accompany record ownership of stock. The agreement contained no provision for transfer of record ownership of the shares in the event of default. Neither the articles of incorporation nor the corporate by-laws provide for such a procedure, nor was a proxy given. (The plaintiff argues that the language in the security agreement constituted a proxy, and points out that Florida has no formal requirements for a proxy agreement. This Court finds, however, that the agreement does not appear to have been entered into with present intent to give the plaintiffs immediate voting rights on the happening of a certain contingency, i.e. default. In the absence of an unambiguous indication that the parties intended to enter into a proxy agreement, the Court will not find the existence of such an agreement.)

It is uncontested that default, within the meaning of the terms of the Agreement, did take place. The plaintiffs argue that the agreement, if enforced according to its terms, effectively barred the defendants from voting to file a bankruptcy petition, and that the petition which initiated this case was thus a nullity. Florida Statute § 607.097(8) provides that, "[A] shareholder whose shares are pledged shall be entitled to vote such shares until the shares have been transferred into the name of the pledgee, and thereafter the pledgee or his nominee shall be entitled to vote the shares so transferred."

This Court will not accept the proposition that the intent of Florida law is effectuated by permitting terms of a mandatory statute to be varied by an agreement of the parties that is outside the articles of incorporation and the corporate by-laws. Had the parties amended either of those documents, or had a proxy been given, then the voting rights would clearly be altered accordingly. In asking the court to recognize a separate contract as a vehicle for making such provisions, the plaintiffs ask the Court to disregard clear legislative policy that if a pledgee is to have voting rights other than by valid proxy, the pledgee may do so only if that pledgee is record owner of the shares. The variation-by-contract approach goes against the apparent legislative policies of keeping voting rights on the record, and preventing situations such as the one before us, in which two factions each claim control of the corporate decision-making apparatus.

The plaintiffs cite *In re Heidel House Enterprises, Inc.*, 40 B.R. 932, (Bkrtcy.W.D.Wis.1984) which espouses the plaintiff's position with respect to an identical Wisconsin statute. We find that there may be some basis for distinction of that case in that the agreement considered by the *Heidel House* court represented settlement of litigation, and the court strongly emphasized the importance of giving effect to settlement agreements where possible. To the extent that *Heidel House* may not be distinguishable, we must find, for the policy reasons set forth above, that we cannot agree with our distinguished colleague or follow his holding.

The Court therefore finds that as a matter of Florida and bankruptcy law, the bankruptcy filing on behalf of Hickory Point Industries, Inc., which took place on January 29, 1985, was authorized and proper, and the attorney who has been appointed by the Court to appear on behalf of the debtor is authorized to continue to represent the debtor.

The Court having ruled on all of the issues of law raised herein, it appears that it is now appropriate to dismiss this adver-

sary proceeding. In accordance with Bankruptcy Rule 7065, which adopts FRCP 65(a)(2), the Court holds that a trial on the merits is deemed to have been consolidated with the hearing on preliminary injunction. It appearing that these holdings foreclose further proceeding in this court on these issues by the plaintiffs, it is

ORDERED as follows:

1. Relief for plaintiffs is denied;

2. The filing of the bankruptcy petition was properly authorized;

3. Attorney Andrea Ruff shall continue to represent the debtor;

4. This adversary proceeding is dismissed.