In re HOFFERT MARINE, INC., Paul Hoffert and Mary Ann Hoffert, Hoffert Manufacturing, Inc., Debtors.

Bankruptcy Nos. 86–565–BK–J–11, 86–613–BK–J–11 and 86–756–BK–J–11.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 29, 1986.

Adam G. Adams, III, Jacksonville, Fla., for movant.

Marshall W. Liptak, Jacksonville, Fla., for debtors.

ORDER GRANTING HICKORY
CAPITAL CO., INC., RELIEF
FROM AUTOMATIC STAY

GEORGE L. PROCTOR, Bankruptcy Judge.

 There is before the Court motions for relief from automatic stay of 11 U.S.C.

§ 362 filed by Hickory Capital Co., Inc. (hereafter Hickory), in the three cases captioned above. Hickory seeks relief to enforce its rights under a stock pledge agreement, i.e., to vote the stock and elect representatives to the Board of Directors. The ultimate goal is to gain control of the corporations from present management.

The stock pledge agreement was executed on April 10, 1985, between Paul E. Hoffert and Hickory (formerly Jets Venture Capital Corporation) wherein Paul E. Hoffert pledged 5,000 shares of common stock of Hoffert Marine, Inc., and 5,500 shares of common stock of Hoffert Manufacturing Company, Inc. The agreement provided for actual transfer of the pledged shares on the books of the corporations to the name of the pledgee, granted the pledgee a security interest in the stock and gave the pledgee voting rights upon default under the separate loan agreement entered into between Hickory; Hoffert Marine, Inc.; Hoffert Manufacturing Company, Inc.; and Paul E. Hoffert. Default occurred in May, 1986.

On June 10, 1986, after the automatic stay was in effect as to Hoffert Marine, Inc., and Paul E. and Mary Anne J. Hoffert but before Hoffert Manufacturing Company, Inc., filed a petition under Chapter 11, Hickory caused a special meeting of stockholders to be called. James L. Morrell, president of Hickory, and Larry D. Barnett were the only persons present at the meeting. They proceeded to elect themselves to the Board of Directors of both Hoffert Marine, Inc., and Hoffert Manufacturing Company, Inc. They also amended the by-laws of each corporation to reduced the number of Directors on the Board from three to two and gave the two directors the right to appoint a third director. Immediately following these meetings, Mr. Morrell and Mr. Barnett conducted special meetings of the Board of Directors for each corporation. At each meeting, they elected Mr. Morrell as president, secretary and treasurer, and Paul E. Hoffert as vice president.

Debtors object to the relief sought asserting that Hickory is attempting to exercise control over the assets of the estates through voting stock. If the stay is lifted to allow Hickory to enforce the stock pledge agreement then it would be given the "unfettered discretion" to name the Board of Directors and select the officers of the corporations. This would take the corporate decision-making power from the existing stockholders. In other words, Hickory would have the right to make all decisions rather than Paul E. Hoffert. Debtors also assert that granting relief to allow Hickory to enforce its rights under the stock pledge agreement is not in the best interest of the estate and does not give the "debtors" an opportunity to reorganize.

In support of its position, debtors rely on *In re Hickory Point Industries, Inc.,* 50 B.R. 303 (Bkrtcy., M.D.Fla.1985). In *Hickory Point,* this Court was faced with determining whether the record shareholders or the persons with the right to vote the shares in accordance with a pledge agreement were empowered to determine whether bankruptcy should be filed. Since the shares had not been transferred to the name of the pledgee as required by Florida Statute § 607.097(8), we held that the record shareholders were empowered to vote the stock and file the bankruptcy petition on behalf of the corporation.

Debtors cannot take comfort in *Hickory Point* to support their position. First, the issue currently before this Court is whether "cause" exists under 11 U.S.C. § 362(d)(1) for granting Hickory relief from the automatic stay in order for it to enforce the stock pledge agreement, not whether the person who authorized the filing was empowered to act for the corporation. Second, the stock pledge agreement between these parties provides for actual transfer of record ownership in contrast to the agreement construed in *Hickory Point.* Third, there can be no argument that the stock pledge agreement constitutes a proxy and as such automatically transfers the right to vote the stock which is the subject

of the agreement. *Hickory Point* more aptly supports the position of movants that relief should be granted to permit it to enforce its stock pledge agreement since there is a compliance with Florida Statute § 607.097(8).

■ The Court finds that cause exists for granting Hickory relief from the automatic stay of 11 U.S.C. § 362. The assertion that Hoffert Marine, Inc., and Hoffert Manufacturing Company, Inc., are not being given the opportunity to reorganize is meritless. There is no question that Paul E. Hoffert, as president, had the authority to file a petition under 11 U.S.C. Chapter 11 for each of the corporate debtors. The debtors are properly within the jurisdiction of this Court and cannot take any action outside the ordinary course of business without first receiving court approval and upon notice and hearing. Likewise, the bankruptcy cases cannot be dismissed without the court first determining that dismissal is in the best interest of all creditors and the estate pursuant to 11 U.S.C. § 1112(b). The Court upon request can appoint a trustee or examiner pursuant to 11 U.S.C. § 1104.

■ Although Paul E. Hoffert filed the petitions for Hoffert Marine, Inc., and Hoffert Manufacturing Company, Inc., this did not give him the absolute privilege to remain in control of the debtor corporations. Obviously if no bankruptcy filings had occurred, movants could have pursued their rights. Courts should only interfere if the reorganization process is jeopardized. This Court finds that no such factual scenario exists at the present time. Agreements which comply with state law and which do not transgress bankruptcy law and policies must be given credence. It is,

ORDERED that the motions for relief from automatic stay filed by Hickory Capital Co., Inc., as to the estates of Hoffert Marine, Inc.; Hoffert Manufacturing Company, Inc.; and Paul E. and Mary Anne J. Hoffert are granted.