**In re PROTHO EXPRESS, INC., Debtor.**

**Kimberly Marie DEAN, Movant,**

**v.**

**PROTHO EXPRESS, INC., Respondent.**

**Bankruptcy No. 291–06061.**

United States Bankruptcy Court, M.D. Tennessee.

Aug. 15, 1991.

John Thomas Baird, Memphis, Tenn., David Hill, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., for movant.

Wm. Caldwell Hancock, Nashville, Tenn., for debtor.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether the directors of the debtor corporation had authority to file a bankruptcy petition, notwithstanding removal of those directors by the pledgee of the corporation's stock at a secret meeting of shareholders. Because the pledgee failed to prove compliance with applicable state corporation law, the board of directors had authority to file the petition. The following constitute findings of fact and conclusions of law. Bankr.R. 7052.

### I.

In 1990, Kimberly Dean sold all of the stock of Protho Express, Inc. to Julian Wills and William Varley. The parties executed a promissory note, a sales agreement and a stock pledge agreement to secure the promissory note. After their purchase of the stock, Wills and Varley elected themselves to the board of directors.

Upon default of the sales agreement, the stock pledge agreement allowed Dean "to exercise all voting power pertaining to the pledged securities." The stock pledge agreement granted Dean a "Power of Attorney" to act on behalf of Wills and Varley upon default. Protho developed substantial financial difficulties. Breaches of the sales agreement occurred.

Dean, acting under her interpretation of the sale documents, convened a "secret" special meeting of shareholders on June 6, 1991. Varley and Wills were not given notice of the meeting. Dean elected a new board of directors with Dean as chairperson.

Varley and Wills held a meeting of the board of directors on June 21, 1991. At that meeting, they voted to file a bankruptcy petition for Protho. The petition, signed by Varley was filed on June 21, 1991.

Dean moved for dismissal of the petition on the ground that the corporation did not authorize the filing.

## II.

■ Authority to file a bankruptcy petition is found in state law. *Price v. Gurney,* 324 U.S. 100, 106–07, 65 S.Ct. 513, 516–17, 89 L.Ed. 776 (1945). *See also In re Quarter Moon Livestock Co., Inc.,* 116 B.R. 775, 778 (Bankr.D.Idaho 1990); *In re Giggles Restaurant, Inc.,* 103 B.R. 549, 553 (Bankr.D.N.J.1989). The choice of law provisions of the sales agreement and stock pledge agreement specify that Arkansas law will govern. The brief of the movant asserts that Protho was incorporated in Arkansas. The Articles of Incorporation and bylaws of the corporation were not submitted as evidence. Arkansas law will be applied.

Chapters 26 and 27 of Title 4 of the Arkansas Code govern corporations. Chapter 27 applies to corporations incorporated after December 31, 1987. Pre-existing corporations may elect to be covered by Chapter 27. If no election is made, pre-existing corporations are governed by Chapter 26. No Charter, Articles of Incorporation, Bylaws or other evidence was offered from which it can be determined whether Chapter 26 or Chapter 27 applies to this corporation. It was represented by counsel for Dean that Protho pre-existed December 31, 1987. No protest was made of this assertion, nor has any party argued application of Chapter 27. Chapter 26 will be applied.

■ Authority to file a bankruptcy petition may be exercised by the individuals who have management control of a corporation. *Price,* 324 U.S. at 104, 65 S.Ct. at 515. Arkansas law deposits that power with the board of directors. ARK.STAT. ANN. § 4–26–801. No evidence was offered to upset the ordinary effect of state law. The board of directors had authority under Arkansas law to file a bankruptcy petition on behalf of Protho. The question becomes whether Varley and Wills were directors of the corporation on June 21 when they voted to file the petition.

■ In the absence of contrary bylaws, the procedures for corporate voting and notice are governed by the Arkansas statute. Arkansas allows removal of directors by a vote of shareholders. ARK.STAT. ANN. § 4–26–804. Directors can be elected at a special shareholder meeting. *See* ARK.STAT.ANN. §§ 4–26–802; 4–26–804 and 4–26–703. Where removal of directors is contemplated, notice of the meeting must so state. *See* §§ 4–26–804; 4–26–703.

Arkansas law clearly specifies to whom notice of a special meeting of shareholders must be given. Chapter 26 requires notice "to each shareholder of record entitled to vote at the meeting." ARK.STAT.ANN. § 4–26–703(a)(1). "Shareholders of record entitled to vote" are determined by the stock transfer book of the corporation. ARK.STAT.ANN. § 4–26–704(a)(4). Chapter 26 specifically addresses entitlement to vote shares that have been pledged:

> (h) A shareholder whose shares are pledged shall be entitled to vote the shares until the shares have been transferred on the books of the corporation into the name of the pledgee, and thereafter the pledgee shall be entitled to vote the shares so transferred.

ARK.STAT.ANN. § 4–26–708(h). The books of Protho were not offered into evidence by Dean. No evidence was presented that a transfer to Dean was noted on any corporate record of Protho. Absent such proof, Varley and Wills remained the "shareholders ... entitled to vote" and Arkansas law required the corporation to give them notice of the special shareholders meeting.

Notice of a shareholders meeting can be waived. However, Arkansas law requires that any waiver of notice of a shareholders meeting must be in writing. *See* ARK. STAT.ANN. § 4–26–105. The only evidence of a written waiver of notice executed by Wills and Varley offered by Dean is the stock pledge agreement itself. The agreement contains a section entitled "Waivers, Amendment and Remedies" which waives "... presentment, demand, notice and protest ... of, this agreement ... and, ... of all *action by the pledgee* in reliance hereon" (emphasis added). Nowhere in the waiver section or in any other provision of the stock pledge agreement do the pledging stockholders waive their

rights to notice of actions by the corporation. Elsewhere, § 3(a) of the stock pledge agreement specifically requires Wills and Varley to forward to Dean copies of all material notices received from the corporation. Cases from other jurisdictions indicate that waiver of notice of shareholders meetings should not be easily implied, but must clearly appear to have been intended by the parties. *See In re Maurer,* 77 N.Y.S.2d 159 (1947); *Petition of Melloh,* 17 Misc.2d 902, 187 N.Y.S.2d 203 (1959); *In re 74 & 76 West Tremont Ave. Corp.,* 10 Misc.2d 662, 173 N.Y.S.2d 154, 156 (1958). Taking the stock pledge agreement as a whole, it does not appear that Wills and Varley intended to waive notice of corporate actions such as the call of a special shareholders meeting. That Dean might have asserted a right to vote Varley's and Wills' shares at a properly noticed shareholders meeting [1] does not relieve Protho of its obligation under Arkansas law to give notice to Varley and Wills—the "shareholders of record entitled to vote."

■ Dean argues that the "Power of Attorney" contained in the stock pledge agreement waived all notice requirements under Arkansas law. Even if the Power of Attorney could be construed to be broad enough to allow Dean to execute a waiver of notice on behalf of Varley and Wills, to be effective under Arkansas law such a waiver had to be in writing. No written waiver of notice of the secret shareholders meeting on June 6, 1991 was offered as evidence. No such waiver appears in the minutes of that meeting. No waiver occurred.

### III.

Because the secret shareholders meeting was convened by Dean on June 6, 1991 in violation of the notice rights of Varley and Wills under applicable Arkansas law, the effort by Dean to remove Varley and Wills as directors was not effective. 5 W. Fletcher, Cyclopedia of the Law of Private Corporations § 1997 (rev. perm. ed. 1987). Varley and Wills had authority as directors of Protho Express, Inc. to vote the filing of a bankruptcy petition on June 21, 1991.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the motion to dismiss of Kimberly Marie Dean is denied.

IT IS SO ORDERED.

---

**1.** The stock pledge agreement provides in § 2(c) that upon default, the pledgee "shall be entitled to exercise all voting power" of the securities. The agreement does not state how voting rights are to be transferred from Varley and Wills to Dean. It is unclear whether the parties contemplated an Article 9 procedure to enforce the security interest. *See In re Consolidated Auto Recyclers, Inc.,* 123 B.R. 130, 138 (Bankr.D.Me. 1991). In the absence of specific language requiring further proceedings to obtain the voting rights, some courts have concluded that the occurrence of a default is sufficient to trigger the transfer of voting rights to the pledgee. *See In re Heidel House Enters., Inc.,* 40 B.R. 932 (Bankr.W.D.Wis.1984) (in spite of statute requiring transfer of shares to pledgee before pledgee could vote stock, provision of stock pledge agreement transferring voting rights was enforced); *In re Hoffert Marine, Inc.,* 64 B.R. 409 (Bankr.M.D.Fla.1986) (where parties complied with requirement of actual transfer, party would be granted relief from stay to pursue stock agreement remedies); *Andrews v. Precision Apparatus, Inc.,* 217 F.Supp. 679 (S.D.N.Y.1963) (between beneficial owner and record owner, beneficial owner is one entitled to vote shares). Other courts have interpreted applicable state law to require that the right to vote be actually transferred on the records of the corporation before authority to vote is lost. *See, e.g., Hickory Point Ind., Inc. v. Hickory Holding Corp. (In re Hickory Point Ind., Inc.),* 50 B.R. 303 (Bankr.M.D.Fla.1985) (record shareholder have right to authorize bankruptcy filing where shares have not been transferred as required by state law). The parties have not cited and the court has not found any Arkansas decision instructive of whether Dean would have been entitled to vote Varley's and Wills' share at a properly noticed meeting of shareholders notwithstanding the failure to record the pledge of stock on the books of the corporation. ARK. STAT.ANN. § 4–26–708(h) seems clear that a pledge of stock is not alone effective to transfer entitlement to vote for Arkansas corporations subject to its provisions.