(October 26, 1917.)

FARMERS & TRADERS' BANK, a Corporation, and A. H. SWANSON, Respondents, v. NATIONAL LAUNDRY & LINEN SUPPLY COMPANY, a Corporation, HOMER J. RICH, SARAH R. BOOTHE RAWSON, and E. P. HORSEFALL, Appellants.

[168 Pac. 670.]

CORPORATIONS—CAPITAL STOCK—INCREASE OF—NOTICE TO STOCKHOLDERS.

1.   Where a corporation seeks to amend its articles of incorporation by increasing or diminishing its stock, a strict compliance with the statutory requirements precedent thereto is necessary.

2.   Where a corporation seeking to increase its capital stock fails to pass a resolution by the directors calling a meeting of the stockholders for such purpose, any attempted increase of the stock is ineffective and void.

3.   A failure to give notice of a stockholders' meeting called for the purpose of increasing the capital stock of such corporation, as is required by the statute, will render an attempted increase of the stock void.

4.   Equity will restrain the corporation and those attempting to act by virtue of an unauthorized increase of the capital stock at the suit of an injured stockholder.

[As to when notice to stockholders to attend special meetings may be omitted, see note in 3 Am. St. 69.]

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. J. J. Guheen, Judge.

Suit for injunction.   Judgment for plaintiffs.   *Affirmed.*

W. H. Witty and Standrod & Standrod, for Appellants.

Whether the corporate stock had been properly increased was a question only the state could raise.   (*Pullman v. Upton,* 96 U. S. 328, 24 L. ed. 819; *Stutz v. Handley,* 41 Fed. 531.)

If a corporation is authorized by law to increase its capital stock, upon complying with certain prescribed forms or conditions and the corporation or its agents appear to have endeavored to comply with the prescribed forms or conditions,

and have in fact increased the company's capital stock by issuing new shares, on the assumption that the legal right to increase the capital stock has been acquired, and if the holder of such new shares has acted as a shareholder, and enjoyed the rights of the shareholder, then the creation of such new shares will be recognized by the courts, and given effect according to the intention of the parties, although statutory forms or conditions were not complied with, and no legal right to create the new shares was in fact obtained. (Morawetz on Private Corporations, sec. 763.)

Budge & Merrill, for Respondents.

The records of a corporation furnish the evidence of its acts and transactions and parol evidence is not admissible as proof thereof. (*Corcoran v. Sonora Min. & Mill. Co.,* 8 Ida. 651, 71 Pac. 127.)

"Other modes of service may be given the force of such service by legislative enactment, but the use of the words 'personal service,' unqualified, in a statute, means actual service by delivering to the person and not to a proxy." (*Brooks v. Orchard Land Co.,* 21 Ida. 212, 121 Pac. 101.)

"The power to increase the capital stock of a corporation can only be exercised by the stockholders at a meeting called for that purpose." (*Wolf v. Chicago Sign Printing Co.,* 233 Ill. 501, 13 Ann. Cas. 369, 84 N. E. 614; *Matthews v. Columbia Nat. Bank,* 79 Fed. 558.)

Even though the meeting was an annual meeting, the capital stock could not be increased or the number of directors decreased unless sec. 2773 was followed. (*Jones v. Concord etc. R. R.,* 67 N. H. 119, 38 Atl. 120.)

A certificate of increased stock issued before the statutory requirements have been complied with is worthless. (*Lincoln v. New Orleans Exp. Co.,* 45 La. 729, 12 So. 937; *Wood v. Union Gospel Church Bldg. Assn.,* 63 Wis. 9, 22 N. W. 756; *Fishback v. Fon Du Lac etc. R. Co.,* 158 Fed. 88, 88 C. C. A. 367.)

COWEN, District Judge.—On July 14, 1915, the National Laundry & Linen Supply Company was an Idaho corpora-

tion doing business at Pocatello, Idaho, having a capital stock of $10,000, divided into 100 shares of $100 each, of which stock the appellant Homer J. Rich was the owner of 35 shares, the appellant Sarah R. Boothe Rawson was the owner of 12½ shares, the appellant E. P. Horsefall was the owner of 5 shares, and the respondent A. H. Swanson was the owner of 4 shares. It does not appear from the record whether the other shares were issued or not.

On or about April 1, 1915, the appellants Rich and Rawson borrowed from the Farmers & Traders' Bank of Pocatello the sum of $3,000, giving their joint and several note therefor, payable in six months from date, and pledged their 47½ shares of the capital stock of the corporation as collateral security for the payment of the note, and about the same time they gave other notes to the same bank for sums aggregating over $2,000. On July 14, 1915, the appellants held what is claimed to be the annual meeting of the stockholders of the National Laundry & Linen Supply Company, and passed a resolution to increase the capital stock of the corporation from $10,000 to $25,000, and decreased the directors from five to three, and thereafter on November 24, 1915, filed a certificate of such increase with the recorder of Bannock county, which certificate was also filed about the same time with the Secretary of State at Boise, Idaho.

It is claimed by the respondents, and does not seem to be disputed in any manner by the record, that no meeting was ever called by the board of directors of the corporation for the purpose of voting upon the question of increasing the capital stock of the corporation. It is also claimed by the respondents that no notice was ever given of the meeting at which such question would be voted upon as is required by the statute, but the appellants claim that notice was given.

At the meeting on July 14th, at which such increase of the capital stock is alleged to have been determined upon, the company was authorized to issue 38 shares of the new capitalization to Homer J. Rich in consideration of the transfer to the company of certain real estate upon which the laundry was situated, and it was also authorized to issue 65 shares of

the increased capitalization to Sarah R. Boothe Rawson in payment of certain debts and obligations then claimed to be owing from the corporation to her, and the certificates of stock therefor were issued to these appellants in October, prior to the filing of the certificate with the recorder and Secretary of State and before any certificate from the Secretary of State had been issued to the company authorizing it to do business upon a $25,000 capitalization. In October also the bank foreclosed its lien upon the 47½ shares of the original capital stock pledged as security, and at a sale of such stock became the purchaser thereof, and also about the same time became the purchaser of three of the four shares held by the respondent A. H. Swanson, thus becoming the owner of 50½ shares of the original capitalization. The bank later demanded of the corporation a transfer on the books of the company of the shares of stock held by it, and upon such demand appellants offered to transfer the same by issuing to the bank an equivalent number of shares of the increased capitalization, which the bank refused to accept and thereupon commenced this action with its coplaintiff A. H. Swanson to have the attempted increase of the capital stock of the said corporation declared to be void, and to have the shares of stock under the increased capitalization issued to the appellants Rich and Rawson canceled; to compel the corporation to transfer its 50½ shares of the original stock upon the books of the corporation, and enjoin the defendants Rich and Rawson from exercising any right, authority or control in the affairs of the said corporation by virtue of the shares of such increased capital stock so issued to them.

Trial was had in the district court, which found in favor of the plaintiffs and judgment was entered in accordance with the prayer of the complaint. The defendants appeal to this court.

It is contended on behalf of the appellants that a court of equity does not have jurisdiction of an action of this character, and that the action of the stockholders may not be attacked in a collateral proceeding of this kind, but is subject only to an attack on behalf of the state. But the authorities

seem to hold differently upon this question, as will appear from sec. 3639 of Thompson on Corporations, where ample authority is cited.

The appellants assign ten specifications of error on the part of the trial court, but all these specifications depend upon the one question as to the legality or illegality of the action taken at the stockholders' meeting on July 14, 1915, increasing the capital stock from $10,000 to $25,000. If the action increasing the capital stock was legal, then the judgment of the court below was erroneous; but if the attempted increase was illegal, then the judgment should not be disturbed.

At the trial in the district court there was produced and offered in evidence the minute-book of the proceedings of the corporation, and this fails to show that any action of the board of directors was ever taken for the purpose of authorizing a vote for the increase of the capital stock. Attached to one page of the minutes of the proceedings of the meeting of July 14th appears a copy of a notice of the annual stockholders' meeting of the corporation, which stated that the meeting would be held for the purpose of increasing the capital stock from $10,000 to $25,000, and of decreasing the number of directors from five to three. This notice is signed by Homer J. Rich, President, and is dated June 12, 1915. It is admitted that this notice was never published. Plaintiff Swanson testified that he never received a copy of the notice. It was stipulated on the trial that P. H. Keller, a witness for the defendant, would, if present at the trial, testify that he was employed by the defendant corporation in the capacity of bookkeeper, and at the request of Homer J. Rich mailed a copy of the said notice to the plaintiff A. H. Swanson.

Sec. 2773, Rev. Codes, provides the method by which a corporation may increase or diminish its capital stock, and the first prerequisite therefor is that a majority vote of the directors may call a meeting of the stockholders, to be convened for the purpose of increasing or diminishing the capital stock, and the second prerequisite is that personal notice of the time and place of such meeting, and the object thereof, must be served on each stockholder at least thirty days prior

to the date of such proposed meeting, or in lieu thereof, the notice must be published at least once a week in a newspaper published in the county where the principal business is located, for at least thirty days. These two requirements of the statute were not complied with by the appellants when they attempted to increase the capital stock of the corporation. A strict compliance was necessary. (Thompson on Corporations, secs. 3631, 3632.) Until the statutory requirements have been fulfilled, increased stock has no existence. (Thompson on Corporations, sec. 3631; *Lincoln v. New Orleans Exp. Co.,* 45 La. 729, 12 So. 937.) Subscribers to such increased stock are not liable for their subscriptions. (Thompson on Corporations, sec. 3638.) And equity will enjoin an illegal increase of stock in an action by stockholders. (Thompson on Corporations, sec. 3639.)

We are therefore constrained to hold that the attempt to increase was nugatory and void so far as respondents are concerned, where no principle of estoppel would enter to prevent their contesting such attempted increase. There is no estoppel pleaded in the answer of the appellants, nor is there anything in the contention of the appellants, as we see it, that would preclude respondents' right to question the proceedings of the stockholders at their meeting on July 14, 1915.

The action of the district court should therefore be affirmed, and it is so ordered. Costs awarded to respondents.

Morgan and Rice, JJ., concur.