SAMUEL DANZIG, Appellant, *v.* FELIX A. LACKS and Others, Respondents.

First Department, April 29, 1932.

*Nathaniel H. Kugelmass* of counsel [*Wilber W. Chambers* with him on the brief; *Edmund L. Mooney*, attorney], for the appellant.

*Joseph P. Segal* of counsel [*I. Gainsburg*, attorney], for the respondents.

MERRELL, J. This action is brought by plaintiff to obtain equitable relief from the alleged illegal and fraudulent acts of the individual defendants in increasing the capital stock of the defendant Amasia Importing Corporation from $50,000 to $100,000, and that the acts of said individual defendants be declared illegal and of no effect; that the individual defendants be required to surrender to the corporation for cancellation the shares of said increased stock issued to said individual defendants or their nominees; that the defendant Amasia Importing Corporation be enjoined from in anywise dealing in or issuing any of the shares of stock of the new issue still remaining in the treasury; that there be filed with the Secretary of State and clerk of the county of New York a certificate canceling the certificate increasing the capital stock of the corporate defendant, and that all of the defendants be enjoined, during the pendency of the action, from hypothecating, transferring or otherwise dealing in the said shares of stock.

Plaintiff bases his demand for equitable relief on three causes of action set forth in the amended complaint. By the order appealed from the Special Term found that the plaintiff had failed to state facts sufficient to constitute a cause of action in any one of said causes of action.

As a first cause of action plaintiff alleges the incorporation of the defendant Amasia Importing Corporation pursuant to the laws of the State of New York, and that the plaintiff was, at all times

mentioned in the complaint, the owner and record holder of 150 shares of the capital stock of said corporate defendant. Plaintiff alleges that while he was absent in the Orient on behalf of the defendant Amasia Importing Corporation, and on or about January 27, 1930, without his knowledge or consent, a certificate purporting to increase the capital stock of said Amasia Importing Corporation was filed in the office of the Secretary of State of the State of New York and a copy thereof in the office of the county clerk of the county of New York by the defendant Felix A. Lacks, as president, and the defendant George W. Lacks, as secretary, of the defendant corporation, which increase purported to have been authorized at a stockholders' meeting theretofore held, the affidavit of which was attested by the defendant Felix A. Lacks, as president, and the defendant George W. Lacks, as secretary, of the defendant corporation, and that by such certificate of increase the authorized capital of the defendant corporation was increased from $50,000 to $100,000, and 500 shares of stock of the par value of $100 per share created. Plaintiff alleges that no notice of any kind of the time or place of a meeting of the stockholders of the corporate defendant for the purpose of increasing its capital stock was ever given to him as required by the statute in such case made and provided, or any information that such an increase was being considered or consummated, although each of the defendants well knew at all times where the plaintiff could be reached and informed of the increase of the capital stock, or of any plans connected therewith, and were in constant and regular communication with plaintiff at all times in regard to other matters concerning the business and affairs of the defendant corporation. Plaintiff further alleges that the said 500 additional shares of the corporate defendant were issued to the defendants Lacks and/or their nominees, and that the plaintiff has never authorized, consented to or ratified the increase aforesaid, and does not own or hold any part of the additional shares issued pursuant thereto. Plaintiff alleges that the said increase of the capital stock of said corporation was in no way prompted, motivated or necessitated by the business needs of the corporation, and that the same was illegal and unauthorized. Plaintiff alleges in his first cause of action that by virtue of said unauthorized and illegal increase in the capital stock of said defendant corporation plaintiff has been damaged, and the original thirty per cent interest of the plaintiff in said corporation has been decreased to a fifteen per cent interest with a corresponding decrease in his share of the profits, surplus and control of said corporation.

As a second cause of action plaintiff realleges the incorporation of the Amasia Importing Corporation and his ownership of 150

shares of the stock of said corporation. Plaintiff then alleges that the individual defendants entered into an agreement with plaintiff on or about June 18, 1929, whereby plaintiff and defendants were to become associated in the business of purchasing in the Orient and exporting to and selling in the United States and elsewhere ladies' straw and hemp hat bodies, and that it was thereby agreed between plaintiff and the individual defendants that plaintiff was to invest approximately $20,000 in the enterprise and give his time, energy and skill to the enterprise, for which he was to receive a thirty per cent interest in the corporation; that the two individual defendants were to have the remaining interests, for which they were to invest a proportionate amount; that it was further agreed and understood between the plaintiff and the individual defendants that should said business, in whatever legal form it might take, require additional moneys, such moneys would be furnished by the defendant Felix A. Lacks, and that the individual defendants agreed with plaintiff that in no event was the plaintiff's interest in the enterprise to be changed or altered, and that he was at all times to have a thirty per cent interest therein. Plaintiff further alleges in his second cause of action that thereafter and on or about June 20, 1929, plaintiff and the individual defendants organized the defendant Amasia Importing Corporation under the laws of the State of New York, with a capital stock of 500 shares of the par value of $100 each; that plaintiff purchased 150 shares at $130 per share, paying into the corporation for said shares $19,500, and that the balance of the 500 shares of stock was taken up by the individual defendants and/or their nominees. Plaintiff further alleges that pursuant to said agreements and on or about June 30, 1929, he was duly elected a director and treasurer of said corporation and went to the Orient in behalf of the business of the corporation, remaining there for the greater part of a year and devoting his best efforts to the building up and management of a buying and exporting organization for the defendant Amasia Importing Corporation, and that he, in all respects, performed all the conditions required of him under said agreement. Plaintiff further alleges that during the time he was absent in the Orient on behalf of the business of the corporate defendant and on or about January 27, 1930, without plaintiff's knowledge or consent, the certificate of increase of capital stock alleged in the first cause of action was filed by the individual defendants as president and secretary, respectively, of the defendant corporation, by which certificate the stock of the defendant Amasia Importing Corporation was increased as hereinbefore stated; that such increase was without the authority,

consent or ratification of the plaintiff, and that he owns and holds no part of the additional shares issued pursuant thereto.

As a third cause of action plaintiff repeats the allegations contained in the first cause of action as to the incorporation of the defendant corporation and his ownership of the original shares of the defendant corporation, and that on or about June 23, 1930, the individual defendants, by the exercise of their stock control of the defendant corporation, ousted plaintiff as a director and treasurer thereof. Plaintiff alleges that the increase of the capital stock of the defendant Amasia Importing Corporation, consummated by the individual defendants as aforesaid, was wrongful and fraudulent and was an abuse of the trust and confidence reposed in them by reason of the plaintiff's absence on corporate affairs, and that said contract and the said capital change was in no way prompted, motivated or necessitated by the business needs of said corporation, but was perpetrated for the fraudulent purpose and with the wrongful intent of depriving plaintiff of his just and proper share of the assets, surplus and control of the Amasia Importing Corporation, to the unjust and improper enrichment and benefit of the individual defendants.

For the purpose of this motion the facts alleged and set forth in the causes of action contained in the amended complaint must be deemed to be true. Assuming the facts as alleged to be true, we are of the opinion that the plaintiff set forth facts sufficient to constitute a cause of action against the defendants in each of the three causes of action alleged in the amended complaint. The first cause of action is based upon the failure of the defendants to give notice of the proposed increase of the capital stock of the corporate defendant to plaintiff herein, and of the meeting of the stockholders at which such increase was effected. The provisions of the Stock Corporation Law clearly require the giving of notice to each stockholder of a corporation of notice of a proposed increase in the capital stock of the corporation. The original shares of stock had a par value of $100 each. The increased shares were also given a par value of $100 each. Subdivision A of section 36 of the Stock Corporation Law relates to the increase or reduction of the amount of the capital stock of a corporation where all of the capital stock is divided into shares having a par value. Subdivision C of section 36 (as amd. by Laws of 1924, chap. 441) relates to the increase or reduction of the number of its shares, and provides that if the number of shares be increased, the new shares may be either with or without par value. Section 35 of the Stock Corporation Law provides for the filing with the Secretary

of State and the county clerk of a certificate of such increase. Section 37 of the Stock Corporation Law defines what must be done to exercise the power to increase. Subdivision 3 of section 37 (as amd. by Laws of 1929, chap. 652) relates to a certificate of increase voted by a majority of the stockholders at a stockholders' meeting called for that purpose. It provides that such certificate of increase, based upon the power provided by subdivision A, C or I of section 36, must be " 3. Subscribed and acknowledged by the president or a vice-president and the secretary or an assistant secretary, who shall make and annex an affidavit stating:

" (a) That they have been authorized to execute and file such certificate by the votes, cast in person or by proxy, of the holders of record of a majority of the outstanding shares entitled to vote thereon if the change be made under subdivision (A), (C) or (I) of section thirty-six, * * *;

" (d) *That such votes were cast at a stockholders' meeting held on a date specified, upon notice pursuant to section forty-five of the Stock Corporation Law.*" (Italics are the writer's.)

Section 45 of the Stock Corporation Law (as amd. by Laws of 1924, chap. 441) provides as follows:

" § 45. Notice of meetings of stockholders. Whenever under the provisions of this chapter stockholders are required or authorized to take any action at a meeting, the notice of the meeting shall be in writing and signed by the president or a vice-president or the secretary or an asistant secretary. Such notice shall state the purpose or purposes for which the meeting is called and the time when and the place within the State where it is to be held, and a copy thereof shall be served, either personally or by mail, upon each stockholder of record entitled to vote at such meeting, and to any stockholder who, by reason of any action proposed at such meeting, would be entitled to have his stock appraised if such action were taken, not less than ten nor more than forty days before the meeting. If mailed, it shall be directed to a stockholder at his address as it appears on the stock-book unless he shall have filed with the secretary of the corporation a written request that notices intended for him be mailed to some other address, in which case it shall be mailed to the address designated in such request. The by-laws may require that such notice be also published in one or more newspapers."

It would seem from these statutory provisions that notice of the proposed increase was required to be served upon each stockholder. Failure to give such notice clearly invalidated the attempted increase. (*Matter of Wheeler,* 2 Abb. Pr. [N. S.] 361; *Farmers' & Traders Bank* v. *National Laundry & Linen Supply*

*Co.*, 30 Ida. 788; 168 Pac. 670; *Matter of Keller*, 116 App. Div. 58; *Orloff* v. *Stott*, 239 Mich. 563.)   The opinion of the learned justice presiding at Special Term below would indicate that, in the opinion of said justice, plaintiff's first cause of action was insufficient in that plaintiff did not allege that he was deprived of an opportunity to subscribe for the new stock in proportion to his original holdings. There is no requirement in the statute that the plaintiff must assert his pre-emptive right to subscribe for the increased stock. The statutes are mandatory and there may be no increase in the capital set-up of a corporation, except upon due notice to all of the stockholders.   The increase in this case was made without the knowledge and without any notice upon or consent of the plaintiff.

The second cause of action clearly alleges contract obligations on the part of the defendants which, by their action, they violated to the damage of the plaintiff.

The third cause of action is based upon the alleged fraudulent acts of the defendants whereby, at the expense of the plaintiff and in violation of his rights, his interest in the defendant corporation was substantially reduced to the gain and enrichment of the individual defendants.   We think the facts set forth in the third cause of action sufficiently show a breach of fiduciary relationship on the part of the defendants to plaintiff.   There is no doubt that the action of the defendants in doubling the capital stock of the defendant corporation substantially reduced the value of the plaintiff's share in the enterprise and correspondingly increased that of the defendants.   In our opinion there was a plain breach of duty on the part of the defendants in increasing the said capital stock for their benefit and to the damage of plaintiff.   (*Witherbee* v. *Bowles*, 201 N. Y. 427; *Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 id. 185.)

We are of the opinion that the Special Term erred in dismissing the plaintiff's amended complaint, and that, as to each of the causes of action therein alleged, facts were set forth sufficient to constitute a cause of action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the defendants' motion denied, with ten dollars costs.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.