Bernard Ryan, P. J.
Claimant pleads that an accident which occurred on July 4, 1956 was due to the negligence of the State of New York in maintaining or constructing a highway and sues for damages for personal injuries sustained by him in that accident. A notice of intention, verified September 18, 1956, was filed with the Clerk of the Court of Claims and served upon the Attorney-General on September 26, 1956, and the filing and service was acknowledged in writing by each of said officials. Such filing and service was within 90 days of July 4, 1956. Be it noted here that claimant’s attorney instead of availing himself of the United States mails and forwarding the notices of intention direct to the offices concerned invoked the services of the Sheriff of Albany County for that purpose. This was his prerogative. In any event the filing and service of the notice of intention was timely.
Subsequently claimant’s attorney prepared a more formal pleading entitled “ A Claim” which was duly verified by the claimant and on July 1, 1958 the attorney mailed copies of this pleading to the Sheriff of Albany County with instructions that copies be served upon the Clerk of the Court of Claims and upon the Attorney-General. The Sheriff performed the mission committed to him but did not do so until July 7, 1958, which was more than two years beyond the date of the accident. Acknowledgment of the receipt and filing of the claim proper was made in writing to the claimant’s attorney by the Clerk and by the Attorney-General under date of July 7, 1958. At this point it may be remarked that a holiday and a Saturday intervened between the dispatch of the attorney’s letter and the fulfillment of his mission by the Sheriff of Albany County, viz., Friday, July 4, and Saturday, July 5, 1958.
Although it must have been apparent to the chief of the Litigation and Claims Bureau of the Attorney-General’s office on the face of things that more than two years had elapsed between the date of the accident and the date of the filing and service of the claim proper he, nevertheless, filed with the Clerk of the Court of Claims and served upon the claimant’s attorney a statement of readiness dated January 26, 1960. As a result this claim was placed upon the Trial Calendar for the term of this court opening in Buffalo on May 2, 1960. The *982 Attorney-General now moves to dismiss the claim on the technicality disclosed by the foregoing recitals. (Court of Claims Act, § 10, subd. 3.)
The motion is not timely for several reasons.
1. The State of New York has been fully informed about the allegations against it and has had opportunity to investigate and prepare its defense.
2. The document filed within 90 days, although designated notice of intention, in effect may be regarded as a pleading. (Chalmers & Son v. State of New York, 271 App. Div. 699 [1947], motion for leave to appeal granted 272 App. Div. 843, affd. 297 N. Y. 690.)
3. The Attorney-General, by filing and serving the statement of readiness, has certified that the claim is ready for trial and has requested that it be placed on the Trial Calendar. His action negatives the reservation contained in his letter of acknowledgment of the service upon him of the claim dated July 7, 1958, which read: “ Said claim has been filed in this office today, namely July 7, 1958, subject to whatever legal objections may apply thereto.”
4. The attorney for claimant asserts that he attempted to commence this action within the two-year period by delivery of the claim, with the intent that it should be actually served, to the Sheriff of Albany County prior to July 4, 1958, that said official, within the 60 days specified in section 17 of the Civil Practice Act, filed the claim with the Clerk of the Court of Claims and served it upon the Attorney-General. Section 17 of the Civil Practice Act refers to the delivery of a summons. In this court of record statute does not require the issuance of a summons as process. An action is commenced by the filing and serving of a claim. (Court of Claims Act, §§ 10, 11.) However, some 20 years ago, the Appellate Division, Supreme Court, Fourth Department said that “the prosecution of a claim in the Court of Claims is in effect the prosecution of an action in the Supreme Court ’ ’ and applied the provisions of the Civil Practice Act in a situation where the Court of Claims Act was silent. (Ehde v. State of New York, 260 App. Div. 511 [1940].) The decision in the Elide case has never been upset. Not only has it been followed, it has been liberalized. (See Shepard’s Citations.)
In this instance the attorney for the claimant acted in good faith. Indeed, perhaps he was more painstaking than necessary, invoking, as he did, the services of the chief executive officer of that ancient and historic county wherein is situate the seat pf the State government to act for him when he might have *983 relied upon the simpler method of the dispatch of letters in the mails. Under all of the circumstances here presented the interests of justice require that this claimant have his day in court.
The motion to dismiss is denied. Enter order..