Birdie Amsterdam, J.
Petitioner seeks review and revocation of the final order of the respondent City Rent and Rehabilitation Administrator. The final order is stated in the petition to be that of August 14, 1962. By cross motion, respondent moves to dismiss the petition, as a matter of law, upon the ground that this proceeding was not instituted within the time limitation period of 30 days after the issuance of the final order sought to be reviewed. The final order is specified by respondent as that issued by it on July 19, 1962. If this be the proper order, then the respondent’s motion must be granted.
A study of the papers and exhibits herein persuades me that the final order was issued and a copy thereof mailed to the petitioner, by the respondent on July 19, 1962. It was that order which finally determined petitioner’s proceeding and protest which challenged the order of the Municipal Court terminating his tenancy. By this order of July 19,1962, petitioner’s protest was denied and the order of the Local Rent Administrator was *254 affirmed. The time for petitioner’s further review, by way of an article 78 proceeding, was limited to 30 days from July 19, 1962. (Three days extra for mailing.) This is prescribed by section 102 of the Bent, Eviction and Rehabilitation Regulations and section Y41-9.0 of the New York City Administrative .Code (City Rent and Rehabilitation Law). The instant proceeding by the petitioner was instituted on September 13, 1962.
The cases are legion that the statute is to be strictly applied and that the failure to institute a petition within the 30 days from the issuance of the order sought to be reviewed is a bar to an article 78 proceeding (Matter of Unity Estates v. Abrams, 3 A D 2d 699). Petitioner’s claim that the letter of August 14, 1962, constituted the final order is without merit and is untenable. ,As a matter of fact, that letter specifically called petitioner’s attention to section 102 of the regulations which requires the proceeding to be taken within 30 days from the date of the final determination of the protest — which was July 19, 1962, and the forwarding of the additional“ protest ” did not toll the statute. Accordingly, the cross motion is granted dismissing the petition.