In the Matter of MILTON MAGID, Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— Order, entered on December 6, 1962, denying respondent's cross motion to dismiss petition reversed on the law, with $50 costs and disbursements to appellant, and cross motion granted. This article 78 proceeding sought to review a final determination of the City Rent Administrator made and served on petitioner on October 16, 1962. The petition in such a proceeding must be filed in the Supreme Court within 30 days of the determination (Administrative Code, § Y51–9.0). The 30th day from October 16, 1962, was November 18, 1962, but as this was a Sunday the expiration date was November 19, 1962. The petition was filed November 20, 1962. It could therefore not be entertained (*Matter of Rosenblatt* v. *City Rent & Rehabilitation Administration*, 38 Misc 2d 253). Special Term denied the application on the ground that the papers did not show the filing date. The records of the court, which were called to Special Term's attention, did so show, and should have been accorded judicial notice. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

ELAINE SCHEMPP, as Administratrix of the Estate of JOHN R. SCHEMPP, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment dismissing the complaint unanimously reversed, on the law and the facts, and the verdict of the jury in favor of the plaintiff is reinstated, with $50 costs and disbursements to the plaintiff-appellant. The questions presented in this case are whether the city was negligent in the manner of transporting the decedent from his apartment to the ambulance; whether the city was negligent in failing to follow the orders of the ward physician with respect to certain tests to be performed, and whether there was negligence in failing to administer oxygen. If the city should be held to be negligent in any of the above respects, the further question is presented as to whether such negligence was the proximate cause of the decedent's death. The plaintiff's medical expert testified in effect, that the city did not perform its duties in accordance with accepted standards and that the acts of the city were the competent producing causes of the death of the deceased. Questions of fact were thus raised and having been fairly tried and fairly presented to the jury, the complaint should not have been dismissed. The jury's verdict should therefore be reinstated. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.