Anthony J. Ferraro, J.
Defendants move to dismiss the complaint on grounds that the action was untimely commenced against both defendants and is therefore barred by the respective Statutes of Limitation.
The plaintiff by notice of motion and affidavit dated November 23, 1976 (Motion Calendar No. 18) moves to withdraw the action as against defendant, Weizenecker. Accordingly, the application to dismiss with respect to said defendant is granted without opposition.
As regards the codefendant, County of Putnam, the governing statute is section 50-i (subd 1, par [c]) of the General Municipal Law which requires that an action be commenced within one year and 90 days after the happening of the event upon which the claim is based. The relevant facts pertaining to service of the summons on the defendant are not disputed. The event, i.e., the alleged injury in the county jail occurred May 28, 1974, and a summons was served on the Sheriff of Putnam County on August 24, 1975. The Sheriff in turn served the defendant county on August 27, 1975. The latter date represents one year and 91 days from the happening of the event and therein lies the basis for defendant’s argument for the dismissal of the action.
Plaintiff, in reliance on CPLR 203 (subd [b], par 5) contends that service of the summons, in terms of the Statute of Limitations, was effective when delivered to the Sheriff, and that he is entitled to the additional 60 days, provided by statute, in which to have the defendant served.
Although CPLR § 203 (subd [b], par 5) may regularly be invoked with regard to most time limitations, a question arises as to its application vis-á-vis section 50-i of the General Municipal Law, inasmuch as the Legislature has expressly provided in subdivision 2, that the one year and 90 days are to run without interruption. (General Municipal Law, § 50-i, subd 2: "This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local or any limitation contained in the provisions of any city charter.”) *304 Accordingly for example, the tolling provisions of CPLR 204 could not be employed to stay the running of the statute so as to extend the time period in which to commence an action (Joiner v City of New York, 26 AD2d 840; Serravillo v New York City Tr. Auth., 51 AD2d 1027).
However, section 50-i of the General Municipal Law merely requires that the action shall be commenced within the one year and 90 days. In marked contrast to CPLR 204, which stays the running of the statute, CPLR 203 merely provides various alternative means of commencing the action; it does not operate as a tolling provision. In particular, paragraph 5 of subdivision (b) provides that service of the summons on the Sheriff of the county wherein the defendant resides constitutes commencement of the action, and allows an additional 60 days in which to make service on the actual defendant. Consequently, the action having already been commenced, the additional days should not be viewed in terms of a stay, nor as an extension of time, but rather as a condition subsequent which must be satisfied.
The plaintiff having opted to serve the Sheriff of Putnam County on August 24, 1975 timely commenced his action on the condition that the service be subsequently perfected, which was in fact accomplished on August 27, 1975 (Bellows v County of Montgomery, 42 AD2d 1020; cf Family Bargain Centers v Village of Herkimer, 56 Misc 2d 768).
Accordingly, defendants’ motion to dismiss as to the county is denied.