OPINION OF THE COURT
Gerard M. Weisberg, J.
The State has moved to dismiss the cause of action for malicious prosecution asserted in this claim on the theory that it was not timely filed (CPLR 3211, subd [a], pars 2, 7, 8; Court *351 of Claims Act, §§ 8, 9, 10), and for summary judgment (CPLR 3212).
On July 17, 1975 claimant was arrested by Investigator Delbert R. George, a police officer of the State of New York, at a rest area on Interstate 84 in the Town of Waywayanda, County of Orange, and charged with violating subdivision 3 of section 240.35 of the Penal Law, loitering for the purpose of soliciting or engaging in deviate sex acts. A claim was timely filed in this court for false arrest on July 14, 1977 and given Claim No. 61271. On January 4, 1978 claimant was tried and acquitted of the charge against him, and on March 30, 1978 a notice of intention alleging a cause of action for malicious prosecution was filed with this court, followed by a claim on August 14, 1978 (Claim No. 62343). These claims were consolidated for trial pursuant to the order of Honorable Leonard Silverman, and both causes of action now bear Claim No. 61271.
The State’s present motion to dismiss concerns the cause of action for malicious prosecution only, and is predicated on the theory that a copy of the notice of intention was not timely served upon the Attorney-General as required by sections 10 and 11 of the Court of Claims Act, a defect which would deprive the court of jurisdiction. (Bommarito v State of New York, 35 AD2d 458; Crane v State of New York, 29 AD2d 1001.)
The affirmation of claimant’s attorney discloses that on March 31, 1978, 86 days after the cause of action for malicious prosecution accrued, a copy of the notice of intention was delivered to the Sheriff of Albany County for service upon the Attorney-General. Service was not effectuated until April 7, 1978, beyond the 90-day period. The argument advanced by claimant is that, pursuant to CPLR 203 (subd [b], par 5), delivery of the notice of intention to the Sheriff extended the time to file for an additional 60 days, and that since service was subsequently perfected within that period, the notice of intention was timely filed.
CPLR 203 (subd [b], par 5) states in relevant part: "Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * * 5 * * * the summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides, is employed or is doing business * * * if the summons is served upon the defendant within sixty days *352 after the period of limitation would have expired but for this provision”.
The Civil Practice Law and Rules is made applicable to actions commenced in the Court of Claims by section 8 of the Court of Claims Act which provides essentially that the State waives its immunity from suit and consents to have its liability determined "in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. ” (Emphasis added.) The methods by which actions are commenced under the Civil Practice Law and Rules and the Court of Claims Act are, of course, radically different. Under section 10 of the Court of Claims Act, a tort claimant is permitted the option of either commencing an action within 90 days from accrual of his cause of action by the filing of a claim with the court and service of a copy upon the Attorney-General, or alternatively of filing and serving a notice of intention within 90 days, in which case the claim may be filed within two years from accrual.
The notice of intention has no procedural counterpart in the Civil Practice Law and Rules. The filing of this document does not however commence an action in this court, but serves merely to afford the State prompt notice of a claim intended to be asserted in the future. This is a crucial distinction which removes notices of intention from the orbit of CPLR 203 (subd [b], par 5) which concerns itself solely with the manner in which a claim may be interposed for the purposes of the applicable Statute of Limitations.
The previous authorities, which have dealt with delivery to the Sheriff in actions commenced against the State or municipalities, are distinguishable upon precisely this ground. In Clough v Board of Educ. (56 AD2d 233) and Maurer v County of Putnam (89 Misc 2d 302), it was held that where notices of claim had been timely died under section 50-e of the General Municipal Law, actions had been timely commenced by delivery of summonses to the Sheriff within one year and 90 days from the date of accrual. Neither case considered whether a notice of claim — the document roughly analogous to a notice of intention in this court — could be delivered to the Sheriff for service with the effect of securing a 60-day extension. Similarly, in Babiarz v State of New York (23 Misc 2d 980), the issue was whether the claim had been served and filed within the applicable two-year period by virtue of its delivery to the *353 Sheriff and subsequent filing within 60 days. Significantly, a timely notice of intention had previously been served and filed, thus providing the State with the requisite early notice.*
Further, to the extent that the Court of Claims authorities previously adverted to apply the provisions of CPLR 203 (subd [b], par 5) to the filing of claims in this court, pursuant to sections 10 and 11 of the Court of Claims Act, they did so by analogy only. The language of the two statutes is quite different and, where a specific provision of the Court of Claims Act is inconsistent in language, effect or fundamental policy with the Civil Practice Law and Rules, the former must prevail as the governing authority in this court. Considering that an extension of 60 days would lengthen by two thirds the 90-day period prescribed for filing of notices of intention, the validation of such a procedure would controvert the fundamental policy inherent in the Court of Claims Act of providing prompt notice to the State. We note that in Maurer, Clough and Babiarz the courts sanctioned extensions of 60 days to periods of one year and 90 days (General Municipal Law, § 50-i), and two years, respectively. (Court of Claims Act, § 10.) The percentage of time added was not significant, especially since the defendants had previously received notice of the claims intended to be asserted. In marked contrast, the addition of 60 days to a mere 90 days is highly significant and can only be regarded as in direct conflict with the Court of Claims Act. Accordingly, we hold that CPLR 203 (subd [b], par 5) does not apply to service of notices of intention and that claimant’s attempted compliance with section 11 of the Court of Claims Act by delivery to the Sheriff was invalid.
Fortunately for claimant, however, section 11 of the Court of Claims Act permits the court to excuse the failure to timely serve the Attorney-General if "the clerk of the court shall have delivered a copy thereof to the attorney general within the time required.” The notice of intention of which the court takes judicial notice (Matter of Magid v Gabel, 25 AD2d 649) bears the indorsement of employees of both the clerk’s office and the Attorney-General, indicating that a copy thereof was served upon the latter on March 31, 1978 — within the 90-day time period. In view of the diligence shown by claimant’s attorney and the novelty of the question previously discussed, the court finds ample ground for excusing the defect *354 in service and therefore holds that the notice of intention, and consequently the claim were timely filed. The State’s motion to dismiss under CPLR 3211 (subd [a], pars 2, 7, 8) and sections 8, 9 and 10 of the Court of Claims Act is therefore denied.
[Portions of opinion omitted for purposes of publication.]

 (Cf. obiter dicta in Farkas v State of New York, Court of Claims, Sept. 1, 1977, Lowery, J. [see p 5 n].)