■ Lawrence Bennett et al., Respondents-Appellants, v Sydney Gordon et al., Appellants-Respondents. [952 NYS2d 166]—

Plaintiffs' argument that defendants' appeal is defective because it relies heavily upon the complaint which was not submitted on the motion and is dehors the record, is unavailing. This Court may take judicial notice of the complaint in the case file (*cf. Walker v City of New York*, 46 AD3d 278, 282 [1st Dept 2007]; *see Matter of Magid v Gabel*, 25 AD2d 649 [1st Dept 1966]).

The trial court exercised its discretion in a provident manner in this discovery dispute. The court properly allowed defendants

limited discovery as to a prior injury Lawrence Bennett suffered which damaged his right shoulder when he attempted to deflect a concrete "form" from hitting his head as it fell from a height (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-408 [1968]; *Matter of New York County DES Litig.*, 171 AD2d 119, 123 [1st Dept 1991]). Plaintiff, as a consequence of his more recent accident, which is the basis for the instant personal injury action, has alleged regular tremors in his upper extremities and overall weakness in addition to more specific injuries to his head and left shoulder, all of which has allegedly rendered him permanently disabled and has resulted in his loss of enjoyment of life. The court reasonably concluded that the aforesaid allegations conceivably derived from Bennett's prior accident.

The motion court also reasonably determined that Bennett's injuries arising from the two accidents were sufficiently distinct, and his recent head and left shoulder injuries were relatively new complaints, thereby undermining Gordon's argument for discovery of Bennett's entire medical history.

We have considered the parties' remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.