Valyrakis v 346 W. 48th St. Hous. Dev. Fund Corp. (2018 NY Slip Op 03098)





Valyrakis v 346 W. 48th St. Hous. Dev. Fund Corp.


2018 NY Slip Op 03098


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6242 152111/16

[*1]Yorgo Valyrakis, et al., Plaintiffs-Appellants,
v
346 West 48th Street Housing Development Fund Corporation, et al., Defendants-Respondents.


Andrea Shapiro, PLLC, New York (Andrea Shapiro of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York (Barry G. Margolis of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 17, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for a preliminary injunction, and granted defendants' cross motion pursuant to CPLR 3211 to dismiss the entire complaint as against defendants to the extent named in their individual capacities, the first, third, seventh, and tenth causes of action in their entirety, and the ninth and twelfth causes of action to the extent asserted individually, unanimously modified, on the law, to deny the cross motion as to the ninth and twelfth causes of action, the tenth cause of action as asserted by plaintiff Adelaide Morro, and the tenth and eleventh causes of action as against defendant Gina Georgiou individually, and otherwise affirmed, without costs.
This is a dispute among the shareholders of defendant 346 West 48th Street Housing Development Fund Corporation (the corporation), a low-income cooperative. Each apartment, according to the offering plan, was allocated an equal number of shares, regardless of its size. In 1995, defendant Gina Georgiou and her daughter, who held the proprietary lease to apartment 5W (and the 250 shares appurtenant thereto), acquired apartment 5E (and the 250 shares appurtenant thereto) as well.
The first cause of action seeks to reduce the number of Georgiou's shares in the corporation from 500 to 250 — and hence the number of her votes from two to one. Plaintiffs are correct that this is a direct (individual) claim, not a derivative one (see generally Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]). While the corporation is not affected by whether Georgiou owns 250 or 500 shares, plaintiffs' interests — as individual tenant shareholders with one vote each — are reduced by Georgiou's having two votes (see Danzig v Lacks, 235 App Div 189 [1st Dept 1932] [plaintiff stated cause of action by alleging that defendants diluted his interest in a corporation from 30% to 15%]).
However, the first cause of action is barred by the statute of limitations. A proceeding challenging an action taken by a cooperative corporation must be commenced within four months after the action is final (CPLR 217[1]). "In circumstances where a party would expect to receive notification of a determination, but has not, the Statute of Limitations begins to run when the party knows, or should have known, that it was aggrieved by the determination" (90-92 Wadsworth Ave. Tenants Assn v City of N.Y. Dept. of Hous. Preserv. & Dev., 227 AD2d 331, 331—332 [1st Dept 1996]). Plaintiffs Adelaide Morro and Popi Stefanidis and nonparty Ramon Tapia (of whose estate plaintiff Maria Varela is the executrix) knew as of November 1997 that Georgiou had two votes. Based on the corporation's practices, plaintiff Yorgo Valyrakis knew or should have known shortly after November 1997 what had transpired at that meeting of the corporation. Plaintiff Cassandra Gregov would have had access to the cooperative corporation's books and records in connection with the transfer of her unit to her in 2011, and has not claimed that she did not have access to them. Moreover, all of the plaintiffs were aware by November 6, [*2]2015 that Georgiou had cast two votes at the April 2015 election. This suit was commenced on March 10 or 11, 2016 (see Matter of Magid v Gabel, 25 AD2d 649 [1st Dept 1966]). Accordingly, plaintiffs' first cause of action brought four years after Gregov should have known that Georgiou had two votes, 19 years after the other plaintiffs knew, and more than four months after Georgiou cast two votes, is barred by the statute of limitations.
The third cause of action seeks to set aside the April 2015 election because Georgiou cast two votes and Varela was not allowed to vote. The vindication of Varela's voting rights is an individual claim (see also Business Corporation Law § 619). However, this cause of action is barred by the four-month statute of limitations applicable to a challenge to a corporate election (see De Vita v Reab, 155 AD2d 302, 303 [1st Dept 1989]). While plaintiffs did not know until November 6, 2015 that Georgiou had cast two votes at the April 2015 election, it was obvious as of the date of the election that Varela had been denied a vote. Thus, to the extent the third cause of action is based on the denial of a vote to Varela, it is time-barred. To the extent it is based on Georgiou's casting two votes, it is time-barred because plaintiffs knew, as discussed above, that she could do so at least as early as of November 1997 (except for Gregov, who should have known in 2011), and they knew that she had done so as of November 6, 2015, but did not sue until March 10 or 11, 2016.
The seventh cause of action, which seeks to enjoin defendants from making extraordinary expenditures, is a derivative claim. While plaintiffs' maintenance charges will increase if the corporation makes large expenditures on repairs, this injury comes about because plaintiffs are shareholders (see generally Abrams v Donati, 66 NY2d 951 [1985]).
Plaintiffs (other than Morro, who is a director of the corporation) contend that presuit demand should be excused as futile. However, they do not claim that defendant directors failed to inform themselves appropriately about the challenged transaction or that the challenged transaction was "so egregious on its face that it could not have been the product of sound business judgment of the directors," and they do not allege with particularity that a majority of the board were self-interested (Bansbach v Zinn, 1 NY3d 1, 9 [2003] [internal quotation marks omitted]). The only director as to whom plaintiffs allege self-interest with particularity is Georgiou, who is merely one of five directors.
Plaintiffs contend that Morro may bring the seventh and tenth causes of action pursuant to Business Corporation Law § 720 without a presuit demand, because she is a director of the corporation (see Matter of Tsoukas v Tsoukas, 125 AD3d 872, 875 [2d Dept 2015]). Since this is an issue of law, it may be raised for the first time on appeal (see Buttitta v Greenwich House Coop. Apts., Inc., 11 AD3d 250, 251 [1st Dept 2004]). It is undisputed that Morro is a director of the corporation, and defendants do not contend that the allegations of the seventh and tenth causes of action fall outside Business Corporation Law § 720(a)(1). Therefore, Morro has standing to bring those claims.
However, the seventh cause of action was correctly dismissed because defendant directors' decision to repair the facade, and their prospective decisions to repair the roof and boiler, are protected by the business judgment rule (see e.g. Auerbach v Bennett, 47 NY2d 619, 629 [1979]). Plaintiffs failed to demonstrate that "the board's action has no legitimate relationship to the welfare of the cooperative, deliberately singles out individuals for harmful treatment, is taken without notice or consideration of the relevant facts, or is beyond the scope of the board's authority" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 540 [1990]).
The ninth cause of action seeks a declaration that defendants are required to have the corporation's books and records audited and to issue an annual verified financial statement prepared by an independent public or certified public accountant. Article III, section 3, of the bylaws provides, "At the close of each fiscal year, the books and records of the Corporation shall be audited by a Certified Public Accountant or such other person approved by the Board or shareholders. Based on such reports, the Corporation will furnish the shareholders with an annual financial statement" (emphasis added). Since the right to an annual financial statement belongs to the shareholders, not the corporation, and it depends on the corporation's having the books and records audited, this cause of action in its entirety is a direct claim.
The twelfth cause of action seeks the legal fees and costs incurred by plaintiffs in this action. Pursuant to the motion court's order, from which defendants have not cross-appealed, at least two of plaintiffs' claims (the eighth and eleventh) will proceed derivatively. If plaintiffs succeed, and if there is a judgment, compromise, or settlement in favor of the corporation, then plaintiffs may be entitled to legal fees (see Business Corporation Law § 626[e]; Glenn v Hoteltron Sys., 74 NY2d 386, 393 [1989]). Since this would accrue to their benefit, not the corporation's, the twelfth cause of action is a direct claim.
As plaintiffs did not argue until their reply brief that the fourth and fifth causes of action are direct, we will not consider the argument (see e.g. Shia v McFarlane, 46 AD3d 320 [1st Dept 2007]). In any event, defendants consent to the relief requested in those causes of action.
Plaintiffs do not allege that any defendant director, except Georgiou, engaged in individual extra-board wrongdoing separate from the board's collective actions on behalf of the corporation. Thus, the claims against the individual board members other than Georgiou were correctly dismissed (see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]). Plaintiffs charge, inter alia, that Georgiou combined apartments 5E and 5W without obtaining the requisite governmental permits (possibly harming the building in the process) and might be using corporate funds to pay for her after-the-fact efforts to get the approval of the New York City Department of Buildings for her apartment combination. Of the surviving causes of action (second, fourth through sixth, and eighth through twelfth), the only ones giving rise to individual liability against Georgiou are the tenth (accounting) and eleventh (damages). Even if plaintiffs were to prevail on their substantive claims, they would not be entitled to make Georgiou pay for their legal fees (see Glenn, 74 NY2d at 393).
Plaintiffs argue that the court should have given them an opportunity to conduct discovery. However, the affidavit they submitted in opposition to defendants' cross motion does not satisfy CPLR 3211(d), and, even on appeal, plaintiffs do not specify the discovery they seek (see Auerbach, 47 NY2d at 636).
The motion court providently exercised its discretion in denying plaintiffs' application for a preliminary injunction (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]). Since the court correctly dismissed the first and seventh causes of action, plaintiffs failed to show a probability of success as to the parts of their order to show cause (paragraphs a and e) that correspond to those causes of action, and defendants consented to the relief requested in the remaining paragraphs (b-d).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK